UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE MIVA, INC.,
Securities Litigation,

Case No. 2:05-cv-201-FtM-29DNF

_____

ORDER

This matter comes before the Court on defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint (Doc. #38) and Memorandum of Law in Support (Doc. #39), filed on September 8, 2005. Defendants also filed Supplemental Exhibits (Doc. #40). Plaintiffs filed a Memorandum of Law in Opposition (Doc. #42) on October 3, 2005.

This is a securities class action lawsuit brought by investors of FindWhat.com, Inc. (now known as Miva, Inc.)[1] against the corporation and three of its officers or former officers. Plaintiffs allege that defendants made false and misleading statements and material omissions in order to inflate the price of the corporation's stock in violation of the Securities and Exchange Act of 1934. On July 27, 2005, the Court issued an Opinion and Order (Doc. #3) appointing lead plaintiff and lead counsel, and consolidating five related cases against FindWhat.com, Inc. n/k/a

_____

[1] On June 6, 2005, FindWhat.com, Inc. changed its name to Miva, Inc. The Court will generally refer to the corporate defendant as FindWhat.

Miva, Inc., Craig Pisaris-Henderson, Phillip R. Thune, and Brenda Aguis.[2]

Plaintiffs filed a Consolidated Class Action Complaint (Doc. #34) (the Consolidated Complaint) on August 16, 2005. The Consolidated Complaint is brought "on behalf of all persons or entities who purchased or otherwise acquired the publicly traded securities of FindWhat.com, Inc. [ ] between September 3, 2003 and May 4, 2005 inclusive." (Doc. #34, ¶ 1). The 74-page Consolidated Complaint, complete with footnotes, charts, graphs, and concealed gender references to protect "confidential" witnesses, alleges two counts of securities fraud in violation of the Securities Exchange Act of 1934. In Count I, plaintiffs allege that all defendants carried out a plan, scheme and course of conduct which was intended to, and did, deceive the investing public, artificially inflate and maintain the market price of the common stock, and cause plaintiffs to purchase stock at artificially inflated prices during the class period, in violation of Section 10(b) and Rule 10b-5, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5. In Count II, plaintiffs allege that the individual defendants were controlling persons of FindWhat and had the power to control or influence policy, which resulted in the dissemination of statements that were false and misleading, in violation of Section 20(a), 15 U.S.C. § 78t(a).

---

[2]The consolidated cases are: 2:05-cv-201-FTM-29DNF; 2:05-cv-213-FTM-29DNF; 2:05-cv-233-FTM-29DNF; 2:05-cv-236-FTM-29DNF; and 2:05-cv-271-FTM-29DNF.

To state a claim under § 10(b) and Rule 10b-5, plaintiffs must show: (1) a misstatement or omission (2) of material fact (3) made with scienter (4) on which plaintiffs justifiably relied (5) that proximately caused their injury. Ziemba v. Cascade International, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001); Theoharous v. Fong, 256 F.3d 1219, 1224 (11th Cir. 2001); Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005)(citation omitted). To state a claim under § 20(a), plaintiffs must show: (1) that FindWhat.com violated § 10(b) and Rule 10b-5, (2) that each individual defendant had the power to control the general business affairs of FindWhat.com, and (3) that each individual defendant had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in primary liability. Theohardous, 256 F.3d at 1227; Brown v. Enstar Group, Inc., 84 F.3d 393, 396 (11th Cir. 1996).

A claim brought under § 10(b) and Rule 10b-5 must satisfy the federal notice pleading requirements and the more specific fraud pleading requirements of Fed. R. Civ. P. 9(b), Ziemba, 256 F.3d at 1202, and the pleading requirements of the PSLRA, Phillips v. Scientific-Atlanta, Inc., 374 F.3d 1015, 1016 (11th Cir. 2004). Rule 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Rule 9(b) does not abrogate the concept of notice pleading, but is satisfied by a complaint which sets forth (1) precisely what statements or omissions were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. Ziemba, 256 F.3d at 1202 (citation omitted). "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." Corsello v. Lincare, Inc., 28 F.3d 1008, 1012 (11th Cir. 2005).

Under the PSLRA, plaintiffs must meet a heightened pleading requirement when alleging that defendants "made an untrue statement of a material fact," or that defendants "omitted to state a material fact necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading." 15 U.S.C. § 78u-4(b). When such allegations are made, the PSLRA requires that:

> . . . the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which the belief is formed.

15 U.S.C. § 78u-4(b)(1). Additionally, "the complaint shall, with respect to each act or omission alleged to violate this chapter,

state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). Under 15 U.S.C. § 78u-5(c), a safe harbor from liability is available for "forward-looking statements," written or oral, if "accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement." See also Harris v. Ivax Corp., 182 F.3d 799, 803 (11th Cir. 1999). If these pleading requirements are not satisfied, the court "shall" dismiss the complaint. 15 U.S.C. § 78u-4(b)(3)(A).

The Court has spent an inordinate amount of time attempting to apply these well-established legal principles to the Consolidated Complaint. The Court finds the Consolidated Complaint to be vague and confusing as to allegations of specific false or misleading statements of material facts or omissions, and not in compliance with Rule 9(b) or the PSLRA as it is currently written. Despite its table of contents to the contrary, the Consolidated Complaint fails to specify all of the allegedly false and misleading statements or omissions in a single section, and fails to specifically identify what makes specific statements or omissions false or misleading or material. Rather, some allegedly false statements and omissions are scattered throughout the Consolidated Complaint, as are reasons such statements are said to be false or misleading. Additionally, the Consolidated Complaint's use of

boilerplate catch-all phrases makes it intentionally vague. Further, generic reasons for falsity which are not alleged to relate to any specific statement are insufficient to comply with either Rule 9(b) or the PSLRA.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint (Doc. #38) is **GRANTED** and the Consolidated Class Action Complaint is **dismissed** without prejudice with leave to file an Amended Consolidated Class Action Complaint within **TWENTY (20) DAYS** of this Order.

2. Defendants' Renewed Motion for Leave to file Reply Memorandum in Support of Their Motion to Dismiss and Renewed Request for Oral Argument (doc. #46) is **DENIED** as moot.

3. Defendants' Motion for Leave to File Response to Plaintiffs' Notice of Supplemental Authority (Doc. #48) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this 28th day of December, 2005.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE