IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| IN RE MIVA, INC. <br> SECURITIES LITIGATION | ) <br> ) CIVIL ACTION FILE <br> ) NO. 2:05-cv-00201-FtM-29DNF <br> ) |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER
SUPPORT OF THEIR RENEWED MOTION TO DISMISS**

Defendants hereby submit the recent authority, In re TECO Energy, Inc. Sec. Litig., No. 8:04-CV-1948-T-27EAJ, 2006 WL 845161 (M.D. Fla. Mar. 30, 2006) (Whittemore, J.) (attached hereto as Exhibit A), in support of their Renewed Motion to Dismiss Plaintiffs' First Amended Consolidated Class Action Complaint.

In TECO Energy, Judge Whittemore granted the defendants' motion to dismiss because the plaintiffs failed to plead loss causation under the standard set forth in Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627 (2005). See TECO Energy, 2006 WL 845161, at *5. Judge Whittemore held that the purported "revelations" discussed in the complaint did not establish loss causation because they did not "identify, reveal, or correct any prior misstatement, omission, or improper accounting practice by [d]efendants." Id. at *4. Moreover, the court held that the purported revelations did not establish loss causation because they were unrelated to the specific fraudulent scheme alleged.

> Even assuming that the revelations gave some indication of prior misstatements, omissions, or improper accounting practices, Plaintiffs have not sufficiently alleged that those revelations were related to the fraudulent scheme alleged in the Complaint. To prove loss causation, Plaintiffs must

ATL01/12205875v3

> allege that a misstatement or omission by Defendants concealed something from the market and that when information related to that fraud was disclosed, the value of their securities were effected. . . . In addition to failing to reference any prior misstatement, omission, or improper accounting practice, the information contained in the eight revelations relied on by Plaintiffs does not specifically relate to the issues involved in the alleged fraudulent scheme.

Id. at *5 (citing Barr v. Matria Healthcare, Inc., 324 F. Supp. 2d 1369, 1380 (N.D. Ga. 2004).

Plaintiffs' Amended Complaint here suffers from the same defects and should likewise be dismissed for failure to plead loss causation. As demonstrated in Defendants' Renewed Motion to Dismiss, Plaintiffs' loss causation allegations are generic and fail to provide the necessary causal connection between the alleged misstatements and the purported losses at issue. (See Defs.' Mem. at 38.) Further, as in TECO Energy, Plaintiffs here fail to allege the specific relation between the alleged fraudulent scheme – the Company's decision to do business with Dmitri and Saveli – and the drops in the Company's stock price about which Plaintiffs complain. (See id. at 38-39.)

Respectfully submitted, this 28th day of April, 2006.

        /s/ Joseph G. Foster
Gregory N. Woods
Florida Bar No. 0175500
Joseph G. Foster
Florida Bar No. 0301980

PORTER WRIGHT MORRIS
  &amp; ARTHUR LLP
5801 Pelican Bay Blvd.
Suite 300
Naples, FL  34108-2709
Tel:  (239) 593-2900
Fax:  (239) 593-2990

Todd R. David
Georgia Bar No. 206526
Susan E. Hurd
Georgia Bar No. 379628

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Tel:  (404) 881-7000
Fax:  (404) 881-7777

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| IN RE MIVA, INC.<br>SECURITIES LITIGATION | CIVIL ACTION FILE<br>NO. 2:05-cv-00201-FtM-29DNF |

### CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2006, I electronically filed the foregoing **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF THEIR RENEWED MOTION TO DISMISS** with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all registered users. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all other counsel on April 28, 2006.

                                                /s/ Joseph G. Foster
                                                Joseph G. Foster
                                                Florida Bar No. 0301980