# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| **IN RE MIVA, INC.** | ) | **CIVIL ACTION FILE** |
| **SECURITIES LITIGATION** | ) | **NO. 2:05-cv-00201-FtM-29DNF** |
| | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' CONFORMING AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gregory N. Woods
Florida Bar No. 0175500
Joseph G. Foster
Florida Bar No. 0301980

PORTER WRIGHT MORRIS
& ARTHUR LLP
5801 Pelican Bay Blvd.
Suite 300
Naples, FL  34108-2709
Telephone:  (239) 593-2900
Fax:  (239) 593-2990

Todd R. David
Georgia Bar No. 206526
Susan E. Hurd
Georgia Bar No. 379628

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309
Telephone:  (404) 881-7000
Fax:  (404) 881-7777

*Counsel for Defendants*

Defendants FindWhat.com, Inc.[1] (the "Company"), Craig Pisaris-Henderson, Brenda Agius, and Phillip R. Thune (collectively, the "Individual Defendants" and with the Company, "Defendants") by and through their undersigned counsel, hereby answer Plaintiffs' Conforming Amended Consolidated Class Action Complaint (the "Amended Complaint") as follows:

## FIRST DEFENSE

The Amended Complaint, and each Individual Claim for Relief therein, fail to state a claim against any of the Defendants upon which relief can be granted.

## SECOND DEFENSE

In response to the individually number paragraphs in the Amended Complaint, Defendants state as follows:[2]

### 1.

Defendants admit that the Amended Complaint purports to allege a class action as described, but deny that this action is suitable for certification as a class action. Further, Defendants state that the proposed class period set forth in the Amended Complaint is inconsistent with the Court's March 15, 2007 Order, dismissing all of the alleged misstatements with the exception of those purportedly made in February and March 2005. Pursuant to the Court's Order of April 25, 2007, Plaintiffs should have reduced the length of their proposed class period to bring it into conformance with the March 15 Order. Defendants otherwise deny the allegations contained in Paragraph 1 of the Amended Complaint.

---

[1]    On June 6, 2005, FindWhat.com, Inc. changed its name to MIVA, Inc. Defendants refer to MIVA, Inc. as "FindWhat" or "the Company" for the sake of consistency with Plaintiffs' Amended Complaint.

[2]    Defendants deny that the various headings contained in the Amended Complaint constitute allegations of fact that require a response from Defendants. All such headings are, therefore, denied.

2.

Defendants admit that, during the relevant time period, FindWhat was in the business of providing performance-based, keyword-targeted advertising services that distributed advertisements throughout the Internet, among other products and services offered by the Company.  Defendants further show that the Amended Complaint inaccurately or incompletely describes or quotes from the referenced press release and other public statements of the Company, which speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 2 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 2 of the Amended Complaint.

3.

Defendants show that the trading price of FindWhat's stock during the referenced time period is publicly available and speaks for itself.  Defendants deny each and every allegation contained in Paragraph 3 inconsistent therewith, and deny the remainder of the allegations contained in Paragraph 3 of the Amended Complaint.

4.

Defendants show that the Company's business model and revenue sources are described in its public filings during the referenced time period, which speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 4 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 4 of the Amended Complaint.

5.

Defendants deny the allegations contained in Paragraph 5 of the Amended Complaint.

LEGAL02/30314211v6

6.

Defendants admit that the term "click-through fraud" may be used to describe a person clicking on an advertisement displayed on a website for the purpose of generating a click-through payment rather than for the purpose of viewing the underlying content. Further, Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 6 of the Amended Complaint.

7.

Defendants show that any applicable SEC regulations speak for themselves in their entirety and deny any allegations contained in Paragraph 7 inconsistent therewith. Further, Defendants state that the allegations contained in Paragraph 7 call for a legal conclusion, which does not require a response, and these allegations are, therefore, denied. Defendants deny the remainder of the allegations contained in Paragraph 7 of the Amended Complaint.

8.

Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint.

9.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees.  Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants deny the remainder of the allegations contained in Paragraph 9 of the Amended Complaint and the accompanying footnote.

10.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees.  Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants deny the remainder of the allegations contained in Paragraph 10 of the Amended Complaint.

11.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees.  Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants deny the remainder of the allegations contained in Paragraph 11 of the Amended Complaint.

12.

Defendants admit that Messrs. Pisaris-Henderson, Guest, and Thune sold certain shares of FindWhat stock during the referenced time period, in the amounts and at the prices described in the pertinent SEC filings, which speak for themselves in their entirety, and Defendants deny each and every allegation in Paragraph 12 inconsistent therewith.   Further, Defendants show that the Amended Complaint inaccurately or incompletely describes or quotes from the referenced analyst report and conference call transcript, which likewise speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 12 inconsistent therewith.  Defendants deny the remainder of the allegations contained in Paragraph 12 of the Amended Complaint.

13.

Defendants admit that, on May 2, 2005, FindWhat announced the resignation of its auditor, Ernst & Young LLP, as described in the Company's Form 8-K, which speaks for itself in its entirety, and Defendants deny each and every allegation in Paragraph 13 inconsistent therewith.  Further, Defendants show that Amended Complaint inaccurately or incompletely describes or quotes from the referenced press release, which speaks for itself in its entirely, and Defendants deny each and every allegation contained in Paragraph 13 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 13 of the Amended Complaint.

14.

Defendants show that the referenced analyst report speaks for itself as to its substantive content and Defendants otherwise deny the allegations contained in Paragraph 14 of the Amended Complaint.

15.

Defendants show that the trading price of FindWhat stock during the referenced time period is publicly available and that such information speaks for itself. Defendants deny any allegations contained in Paragraph 15 inconsistent therewith. Further, Defendants admit that, on January 10, 2006, FindWhat publicly announced its decision to hire an investment bank and its reasons for doing so. Defendants otherwise deny the allegations contained in Paragraph 15 of the Amended Complaint.

16.

Defendants admit that the Court appointed the referenced individuals and/or entities as Lead Plaintiffs on July 27, 2005. Defendants otherwise deny the allegations contained in Paragraph 16 of the Amended Complaint.

17.

Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations on Lead Plaintiffs' purported stock purchases and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 17 of the Amended Complaint.

18.

Defendants admit the allegations contained in Paragraph 18 of the Amended Complaint.

19.

Defendants admit that Mr. Pisaris-Henderson served as FindWhat's Chairman and CEO during the putative class period. Defendants further show that his history with the Company is described in FindWhat's public filings from the relevant time period, which speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 19 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 19 of the Amended Complaint.

20.

Defendants admit that Ms. Agius served as FindWhat's CFO from July 2004 until May 4, 2005, and remained at the Company for a transition period thereafter. Ms. Agius's educational background and prior work experience are described in the Company's public filings from the relevant time period, which speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 20 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 20 of the Amended Complaint and the accompanying footnote.

21.

Defendants admit that Mr. Thune served as a Director of FindWhat and the Company's President, Chief Operating Officer and Chief Financial Officer for certain time periods described in the Company's public filings, which speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 21

inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 21 of the Amended Complaint and the accompanying footnote.

22.

Defendants admit that the Amended Complaint often purports to refer to the referenced individuals collectively as the "Individual Defendants." To the extent that Plaintiffs use this collective designation in an attempt to attribute all alleged actions or statements to all of these Defendants as a group, Defendants deny that such "group pleading" is permissible under the pleading requirements of the Private Securities Litigation Reform Act ("Reform Act"). Defendants further deny that group pleading may be used to infer scienter on the part of these individuals and also deny that group pleading can be applied to all of the alleged misstatements described in the Amended Complaint.

23.

Defendants show that the nature of FindWhat's business model during the referenced time period was described in the Company's public filings, which speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 23 that are inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 23 of the Amended Complaint and the accompanying footnotes.

24.

Defendants show that the nature of FindWhat's business model during the relevant time period was described in the Company's public filings, which speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 24

- 9 -

inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 24 of the Amended Complaint and the accompanying footnote.

25.

Defendants show that the nature of FindWhat's business model during the relevant time period was described in the Company's public filings, which speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 25 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 25 of the Amended Complaint.

26.

Defendants show that the nature of FindWhat's business model during the relevant time period was described in the Company's public filings, which speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 26 inconsistent therewith.  Further, Defendants admit that, during the putative class period, the Company disclosed in its public filings the risks associated with "click-through fraud." Defendants otherwise deny the allegations contained in Paragraph 26 of the Amended Complaint and the accompanying footnote.

27.

Defendants show that the Company's relationship with its distribution partners is described in its public filings, which speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 27 inconsistent therewith.  Further, Defendants show that the referenced third-party article speaks for itself as to its substantive content and Defendants likewise deny each and every allegation contained in Paragraph 27

LEGAL02/30314211v6

inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 27 of the Amended Complaint.

28.

Defendants show that the nature of FindWhat's business model and its revenue sources during the relevant time period were described in the Company's public filings, which speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 28 inconsistent therewith.  Further, Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees.  Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied.  Defendants otherwise deny the allegations contained in Paragraph 28 of the Amended Complaint.

29.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees.  Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 29 of the Amended Complaint.

30.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees.  Defendants, therefore, are without

LEGAL02/30314211v6

sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 30 of the Amended Complaint.

31.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 31 of the Amended Complaint.

32.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 32 of the Amended Complaint.

33.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on

LEGAL02/30314211v6

statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 33 of the Amended Complaint.

34.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Further, Defendants show that the Company's business model and revenues were described in its public filings for the relevant time period, which speak for themselves in their entirety and Defendants deny each and every allegation contained in Paragraph 34 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 34 of the Amended Complaint.

35.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 35 of the Amended Complaint.

36.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees.  Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 36 of the Amended Complaint.

37.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees.  Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 37 of the Amended Complaint and the accompanying footnote.

38.

Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint and the accompanying footnote.

39.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees.  Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on

statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations in Paragraph 39 of the Amended Complaint.

40.

Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees.  Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 41 of the Amended Complaint.

42.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees.  Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations in Paragraph 42 of the Amended Complaint.

43.

Defendants admit that the term "click-through fraud" may be used to describe a person clicking on an advertisement displayed on a website for the purpose of generating a click-through payment rather than for the purpose of viewing the underlying content.

Defendants further admit that FindWhat seeks to minimize "click-through fraud" as discussed in the Company's public filings, which speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 43 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 43 of the Amended Complaint and the accompanying footnote.

44.

Defendants admit that, in contracts with its distribution partners, the Company has described a "bot" or "spider" as being a software program that executes searches or click-throughs that were not initiated by the unique users of the website. Defendants otherwise deny the allegations contained in Paragraph 44 of the Amended Complaint.

45.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations in Paragraph 45 of the Amended Complaint.

46.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations in Paragraph 46 of the Amended Complaint.

47.

Defendants admit that FindWhat utilized screening policies and procedures in an attempt to detect fraudulent click-throughs, as discussed in the Company's public filings, which speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 47 inconsistent therewith.  Further, Defendants state that they do not know of any documents provided to Plaintiffs or their counsel by former FindWhat employees nor do they have knowledge of any conversations Plaintiffs or their counsel may have had with such former employees.  Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals or documents purportedly provided by them and these allegations are, therefore, denied.  Defendants otherwise deny the allegations contained in Paragraph 47 of the Amended Complaint.

48.

Defendants state that they do not know of any documents provided to Plaintiffs or their counsel by former FindWhat employees nor do they have knowledge of any conversations Plaintiffs or their counsel may have had with such former employees.  Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals or documents provided by them and these allegations are, therefore, denied.  Defendants otherwise deny the allegations contained in Paragraph 48 of the Amended Complaint.

49.

Defendants state that they do not know of any conversations that Plaintiffs or their

counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 49 of the Amended Complaint.

50.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 50 of the Amended Complaint.

51.

Defendants admit that, during the putative class period, internal documents referred to as "war reports" were circulated from time to time within the Company. Further, Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 51 of the Amended Complaint.

52.

Defendants admit that, during the referenced time period, the Company maintained an internal reporting system that periodically tracked revenues. Defendants otherwise deny the allegations contained in Paragraph 52 of the Amended Complaint.

53.

Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 54 of the Amended Complaint.

55.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 55 of the Amended Complaint.

LEGAL02/30314211v6

56.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 56 and the accompanying footnote.

57.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 57 of the Amended Complaint.

58.

Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied.

LEGAL02/30314211v6

Defendants otherwise deny the allegations contained in Paragraph 59 of the Amended Complaint.

60.

Defendants state that they do not know of any documents provided to Plaintiffs or their counsel by former FindWhat employees nor do they have knowledge of any conversations Plaintiffs or their counsel may have had with such former employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals or documents provided by them and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 60 of the Amended Complaint.

61.

Defendants show that the referenced press release speaks for itself and state that they are without sufficient knowledge or information to form a belief as to the truth of the allegations concerning the activities of regulators or Mr. Spitzer. Defendants otherwise deny the allegations contained in Paragraph 61 of the Amended Complaint and the accompanying footnote.

62.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on statements supposedly made by such individuals and these allegations are, therefore, denied.

- 21 -

Defendants otherwise deny the allegations contained in Paragraph 62 of the Amended Complaint.

### 63.

Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

### 64.

Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

### 65.

The allegations previously found at Paragraph 65 of the Amended Complaint were dismissed pursuant to the Court's Order dated March 15, 2007 and deleted by Plaintiffs pursuant to the Court's Order dated April 25, 2007.  As a result, no response is required from Defendants, and these allegations are, therefore, denied.

### 66.

Defendants show that the allegations contained in Paragraph 66 of the Amended Complaint relate to and are wholly dependent on certain alleged misstatements dismissed by the Court's Order dated March 15, 2007.  Further, Defendants show that the Court specifically considered and rejected the allegations in Paragraph 66 in ruling that the alleged misstatements failed to state a claim.  Accordingly, Plaintiffs should have deleted Paragraph 66 in its entirety pursuant to the Court's April 25, 2007 Order.  No response to these allegations should, therefore, be required from Defendants, but in any case Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67.

The allegations previously found at Paragraph 67 of the Amended Complaint were dismissed pursuant to the Court's Order dated March 15, 2007 and deleted by Plaintiffs pursuant to the Court's Order dated April 25, 2007.  As a result, no response is required from Defendants, and these allegations are, therefore, denied.

68.

Defendants show that the allegations contained in Paragraph 68 of the Amended Complaint relate to and are wholly dependent on certain alleged misstatements dismissed by the Court's Order dated March 15, 2007.  Further, Defendants show that the Court specifically considered and rejected the allegations in Paragraph 68 in ruling that the alleged misstatements failed to state a claim.  Accordingly, Plaintiffs should have deleted Paragraph 68 in its entirety pursuant to the Court's April 25, 2007 Order.  No response to these allegations should, therefore, be required from Defendants, but in any case Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69.

The allegations previously found at Paragraph 69 of the Amended Complaint were dismissed pursuant to the Court's Order dated March 15, 2007 and deleted by Plaintiffs pursuant to the Court's Order dated April 25, 2007.  As a result, no response is required from Defendants, and these allegations are, therefore, denied.

70.

Defendants show that the allegations contained in Paragraph 70 of the Amended Complaint relate to and are wholly dependent on certain alleged misstatements dismissed by

the Court's Order dated March 15, 2007. Further, Defendants show that the Court specifically considered and rejected the allegations in Paragraph 70 in ruling that the alleged misstatements failed to state a claim. Accordingly, Plaintiffs should have deleted Paragraph 70 in its entirety pursuant to the Court's April 25, 2007 Order. No response to these allegations should, therefore, be required from Defendants, but in any case Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

71.

The allegations previously found at Paragraph 71 of the Amended Complaint were dismissed pursuant to the Court's Order dated March 15, 2007 and deleted by Plaintiffs pursuant to the Court's Order dated April 25, 2007. As a result, no response is required from Defendants, and these allegations are, therefore, denied.

72.

Defendants show that the allegations contained in Paragraph 72 of the Amended Complaint relate to and are wholly dependent on certain alleged misstatements dismissed by the Court's Order dated March 15, 2007. Further, Defendants show that the Court specifically considered and rejected the allegations in Paragraph 72 in ruling that the alleged misstatements failed to state a claim. Accordingly, Plaintiffs should have deleted Paragraph 72 in its entirety pursuant to the Court's April 25, 2007 Order. No response to these allegations should, therefore, be required from Defendants, but in any case Defendants deny the allegations contained in Paragraph 72 of the Amended Complaint.

73.

The allegations previously found at Paragraph 73 of the Amended Complaint were dismissed pursuant to the Court's Order dated March 15, 2007 and deleted by Plaintiffs pursuant to the Court's Order dated April 25, 2007.  As a result, no response is required from Defendants, and these allegations are, therefore, denied.

74.

Defendants show that the allegations contained in Paragraph 74 of the Amended Complaint relate to and are wholly dependent on certain alleged misstatements dismissed by the Court's Order dated March 15, 2007.  Further, Defendants show that the Court specifically considered and rejected the allegations in Paragraph 74 in ruling that the alleged misstatements failed to state a claim.  Accordingly, Plaintiffs should have deleted Paragraph 74 in its entirety pursuant to the Court's April 25, 2007 Order.  No response to these allegations should, therefore, be required from Defendants, but in any case Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint.

75.

The allegations previously found at Paragraph 75 of the Amended Complaint were dismissed pursuant to the Court's Order dated March 15, 2007 and deleted by Plaintiffs pursuant to the Court's Order dated April 25, 2007.  As a result, no response is required from Defendants, and these allegations are, therefore, denied.

76.

Defendants show that the allegations contained in Paragraph 76 of the Amended Complaint relate to and are wholly dependent on certain alleged misstatements dismissed by

the Court's Order dated March 15, 2007.  Further, Defendants show that the Court specifically considered and rejected the allegations in Paragraph 76 in ruling that the alleged misstatements failed to state a claim.  Accordingly, Plaintiffs should have deleted Paragraph 76 in its entirety pursuant to the Court's April 25, 2007 Order.  No response to these allegations should, therefore, be required from Defendants, but in any case Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint.

77.

Defendants show that the Company's public statements during the referenced time period speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 77 inconsistent therewith.  Defendants further show that the referenced analyst report likewise speaks for itself as to its substantive content.  Defendants otherwise deny the allegations contained in Paragraph 77 of the Amended Complaint.

78.

The allegations previously found at Paragraph 78 of the Amended Complaint were dismissed pursuant to the Court's Order dated March 15, 2007 and deleted by Plaintiffs pursuant to the Court's Order dated April 25, 2007.  As a result, no response is required from Defendants, and these allegations are, therefore, denied.

79.

Defendants show that the allegations contained in Paragraph 79 of the Amended Complaint relate to and are wholly dependent on certain alleged misstatements dismissed by the Court's Order dated March 15, 2007.  Further, Defendants show that the Court specifically considered and rejected the allegations in Paragraph 79 in ruling that the alleged

misstatements failed to state a claim. Accordingly, Plaintiffs should have deleted Paragraph 79 in its entirety pursuant to the Court's April 25, 2007 Order. No response to these allegations should, therefore, be required from Defendants, but in any case Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

80.

Defendants show that the allegations contained in Paragraph 80 of the Amended Complaint relate to and are wholly dependent on certain alleged misstatements dismissed by the Court's Order dated March 15, 2007. Further, Defendants show that the Court specifically considered and rejected the allegations in Paragraph 80 in ruling that the alleged misstatements failed to state a claim. Accordingly, Plaintiffs should have deleted Paragraph 80 in its entirety pursuant to the Court's April 25, 2007 Order. No response to these allegations should, therefore, be required from Defendants, but in any case Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.

The allegations previously found at Paragraph 81 of the Amended Complaint were dismissed pursuant to the Court's Order dated March 15, 2007 and deleted by Plaintiffs pursuant to the Court's Order dated April 25, 2007. As a result, no response is required from Defendants, and these allegations are, therefore, denied.

82.

Defendants show that the allegations contained in Paragraph 82 of the Amended Complaint relate to and are wholly dependent on certain alleged misstatements dismissed by the Court's Order dated March 15, 2007. Further, Defendants show that the Court

specifically considered and rejected the allegations in Paragraph 82 in ruling that the alleged misstatements failed to state a claim. Accordingly, Plaintiffs should have deleted Paragraph 82 in its entirety pursuant to the Court's April 25, 2007 Order. No response to these allegations should, therefore, be required from Defendants, but in any case Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.

83.

The allegations previously found at Paragraph 83 of the Amended Complaint were dismissed pursuant to the Court's Order dated March 15, 2007 and deleted by Plaintiffs pursuant to the Court's Order dated April 25, 2007. As a result, no response is required from Defendants, and these allegations are, therefore, denied.

84.

Defendants show that the allegations contained in Paragraph 84 of the Amended Complaint relate to and are wholly dependent on certain alleged misstatements dismissed by the Court's Order dated March 15, 2007. Further, Defendants show that the Court specifically considered and rejected the allegations in Paragraph 84 in ruling that the alleged misstatements failed to state a claim. Accordingly, Plaintiffs should have deleted Paragraph 84 in its entirety pursuant to the Court's April 25, 2007 Order. No response to these allegations should, therefore, be required from Defendants, but in any case Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

85.

The allegations previously found at Paragraph 85 of the Amended Complaint were dismissed pursuant to the Court's Order dated March 15, 2007 and deleted by Plaintiffs

pursuant to the Court's Order dated April 25, 2007.  As a result, no response is required from

Defendants, and these allegations are, therefore, denied.

86.

Defendants show that the allegations contained in Paragraph 86 of the Amended

Complaint relate to and are wholly dependent on certain alleged misstatements dismissed by

the Court's Order dated March 15, 2007.  Further, Defendants show that the Court

specifically considered and rejected the allegations in Paragraph 86 in ruling that the alleged

misstatements failed to state a claim.  Accordingly, Plaintiffs should have deleted Paragraph

86 in its entirety pursuant to the Court's April 25, 2007 Order.  No response to these

allegations should, therefore, be required from Defendants, but in any case Defendants deny

the allegations contained in Paragraph 86 of the Amended.

87.

Defendants show that the Amended Complaint inaccurately or incompletely describes

or quotes from the referenced conference call transcript, which speaks for itself in its entirety,

and Defendants deny each and every allegation contained in Paragraph 87 inconsistent

therewith.  Defendants otherwise deny the allegations contained in Paragraph 87 of the

Amended Complaint.

88.

Defendants deny the allegations contained in Paragraph 88 of the Amended

Complaint.

89.

Defendants show that Amended Complaint inaccurately or incompletely describes or quotes from the referenced Form 10-K, which speaks for itself in its entirety, and Defendants deny each and every allegation contained in Paragraph 89 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 89 of the Amended Complaint.

90.

Defendants deny the allegations contained in Paragraph 90 of the Amended Complaint.

91.

Defendants show that Amended Complaint inaccurately or incompletely describes or quotes from the referenced Form 10-K, which speaks for itself in its entirety, and Defendants deny each and every allegation contained in Paragraph 91 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 91 of the Amended Complaint.

92.

Defendants deny the allegations contained in Paragraph 92 of the Amended Complaint.

93.

Defendants show that Amended Complaint inaccurately or incompletely describes or quotes from the referenced Form 10-K, which speaks for itself in its entirety, and Defendants deny each and every allegation contained in Paragraph 93 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 93 of the Amended Complaint.

LEGAL02/30314211v6

94.

Defendants deny the allegations contained in Paragraph 94 of the Amended Complaint.

95.

Defendants show that Amended Complaint inaccurately or incompletely describes or quotes from the referenced Form 10-K, which speaks for itself in its entirety, and Defendants deny each and every allegation contained in Paragraph 95 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 95 of the Amended Complaint.

96.

Defendants deny the allegations contained in Paragraph 96 of the Amended Complaint.

97.

Defendants show that the referenced conference call transcript speaks for itself in its entirety and Defendants deny each and every allegation contained in Paragraph 97 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 97 of the Amended Complaint.

98.

Defendants show that Amended Complaint inaccurately or incompletely describes or quotes from the referenced Form 8-K, which speaks for itself in its entirety, and Defendants deny each and every allegation contained in Paragraph 98 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 98 of the Amended Complaint.

99.

Defendants show that Amended Complaint inaccurately or incompletely describes or quotes from the referenced Form 10-K/A, which speaks for itself in its entirety, and Defendants deny each and every allegation contained in Paragraph 99 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 99 of the Amended Complaint.

100.

Defendants show that Amended Complaint inaccurately or incompletely describes or quotes from the referenced Form 10-K/A, which speaks for itself in its entirety, and Defendants deny each and every allegation contained in Paragraph 100 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 100 of the Amended Complaint.

101.

Defendants show that the trading price and volume of FindWhat's stock during the referenced time period is publicly available and such information speaks for itself. Defendants deny each and every allegation contained in Paragraph 101 inconsistent therewith, and deny the remainder of the allegations contained in Paragraph 101 of the Amended Complaint.

102.

Defendants show that the Amended Complaint inaccurately or incompletely describes or quotes from the referenced press release, which speaks for itself in its entirety, and Defendants deny each and every allegation contained in Paragraph 102 inconsistent

therewith.  Defendants otherwise deny the allegations contained in Paragraph 102 of the Amended Complaint.

103.

Defendants show that Amended Complaint inaccurately or incompletely describes or quotes from the referenced conference call transcript, which speaks for itself in its entirety, and Defendants deny each and every allegation contained in Paragraph 103 inconsistent therewith.  Further, Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees.  Defendants are, therefore, without sufficient knowledge or information to form a belief as to the truth of allegations on statements supposedly made by such individuals and these allegations are, therefore, denied.  Defendants otherwise deny the allegations contained in Paragraph 103 of the Amended Complaint.

104.

Defendants show that the trading price and volume of FindWhat's stock during the referenced time period is publicly available and such information speaks for itself. Defendants deny each and every allegation contained in Paragraph 104 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 104 of the Amended Complaint.

105.

Defendants show that the trading price and volume of FindWhat's stock during the referenced time period is publicly available and such information speaks for itself, and Defendants deny each and every allegation contained in Paragraph 105 inconsistent

- 33 -

therewith. Defendants otherwise deny the allegations contained in Paragraph 105 of the Amended Complaint.

106.

Defendants show that the referenced analyst report speaks for itself as to its substantive content. Defendants otherwise deny the allegations contained in Paragraph 106 of the Amended Complaint.

107.

Defendants show that the referenced analyst report speaks for itself as to its substantive content. Defendants otherwise deny the allegations contained in Paragraph 107 of the Amended Complaint.

108.

Defendants show that the referenced analyst report speaks for itself as to its substantive content. Defendants otherwise deny the allegations contained in Paragraph 108 of the Amended Complaint.

109.

Defendants show that the referenced analyst report speaks for itself as to its substantive content. Defendants otherwise deny the allegations contained in Paragraph 109 of the Amended Complaint.

110.

Defendants show that the referenced Wall Street Journal article speaks for itself as to its substantive content and Defendants deny each and every allegation in Paragraph 110 inconsistent therewith. Further, Defendants state that they do not know of any conversations

that Plaintiffs or their counsel may have had with former FindWhat employees.  Defendants

are, therefore, without sufficient knowledge or information to form a belief as to the truth of

allegations on statements supposedly made by such individuals and those allegations are,

therefore, denied.  Defendants otherwise deny the allegations contained in Paragraph 110 of

the Amended Complaint.

111.

Defendants show that Amended Complaint inaccurately or incompletely describes or

quotes from the referenced Form 10-Q, which speaks for itself in its entirety, and Defendants

deny each and every allegation contained in Paragraph 111 inconsistent therewith.

Defendants otherwise deny the allegations contained in Paragraph 111 of the Amended

Complaint.

112.

Defendants show that Amended Complaint inaccurately or incompletely describes or

quotes from the referenced Form 10-Q, which speaks for itself in its entirety, and Defendants

deny each and every allegation contained in Paragraph 112 inconsistent therewith.

Defendants otherwise deny the allegations contained in Paragraph 112 of the Amended

Complaint.

113.

Defendants show that Amended Complaint inaccurately or incompletely describes or

quotes from the referenced Form 10-Q, which speaks for itself in its entirety, and Defendants

deny each and every allegation contained in Paragraph 113 inconsistent therewith.

- 35 -

Defendants otherwise deny the allegations contained in Paragraph 113 of the Amended Complaint.

114.

Defendants deny the allegations contained in Paragraph 114 of the Amended Complaint.

115.

Defendants show that Amended Complaint inaccurately or incompletely describes or quotes from the referenced Form 8-K, which speaks for itself in its entirety, and Defendants deny each and every allegation contained in Paragraph 115 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 115 of the Amended Complaint.

116.

To the extent that the allegations contained in Paragraph 116 call for a legal conclusion, no response is required and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 116 of the Amended Complaint.

117.

Defendants deny the allegations contained in Paragraph 117 of the Amended Complaint.

118.

Defendants show that the trading price of FindWhat's stock during the referenced time period is publicly available and such information speaks for itself. Defendants admit that Messrs. Pisaris-Henderson, Guest, and Thune sold certain shares of FindWhat stock in

the amounts and at the prices reflected in the pertinent SEC filings, which likewise speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 118 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 118 of the Amended Complaint.

119.

Defendants show that the trading and retention practices of Messrs. Pisaris-Henderson, Guest, and Thune are reflected in the Company's public filings for the referenced time period, which speak for themselves in their entirety.  Defendants deny each and every allegation contained in Paragraph 119 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 119 of the Amended Complaint.

120.

Defendants show that the trading price and volume of FindWhat's stock during the referenced time period are publicly available and speak for themselves.  Defendants admit that Messrs. Pisaris-Henderson, Guest, and Thune sold certain shares of FindWhat stock, as reflected in the pertinent SEC filings for the relevant time period, which likewise speak for themselves in their entirety, and deny each and every allegation contained in Paragraph 120 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 120 of the Amended Complaint.

121.

Defendants admit that Mr. Guest was a member of the Audit Committee during the referenced time period and that he sold certain shares of FindWhat stock, as reflected in the pertinent SEC filings, which speak for themselves in their entirety.  Defendants deny each

- 37 -

and every allegation contained in Paragraph 121 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 121 of the Amended Complaint.

122.

Defendants deny the allegations contained in Paragraph 122 of the Amended Complaint.

123.

Defendants show that FindWhat's corporate history and acquisitions are disclosed in the Company's public filings, which speak for themselves in their entirety. Defendants deny each and every allegation contained in Paragraph 123 inconsistent therewith, and otherwise deny the allegations contained in Paragraph 123 of the Amended Complaint.

124.

Defendants show that Amended Complaint inaccurately or incompletely describes or quotes from the referenced magazine article, which speaks for itself in its entirety, and Defendants deny each and every allegation contained in Paragraph 124 inconsistent therewith. Defendants otherwise deny the allegations contained in Paragraph 124 of the Amended Complaint.

125.

Defendants show that Amended Complaint inaccurately or incompletely describes or quotes from the referenced press release, which speaks for itself in its entirety, and Defendants deny each and every allegation contained in Paragraph 125 inconsistent therewith. Defendants deny the remaining allegations contained in Paragraph 125 of the Amended Complaint.

126.

Defendants show that Amended Complaint inaccurately or incompletely describes or quotes from FindWhat's public statements during the referenced time period and the referenced news article, which speaks for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 126 inconsistent therewith. Defendants further show that the referenced analyst reports speak for themselves as to their substantive content, and Defendants otherwise deny the allegations contained in Paragraph 126 of the Amended Complaint.

127.

Defendants deny the allegations contained in Paragraph 127 of the Amended Complaint.

128.

Defendants show that FindWhat's financial results as reported in its public filings during the referenced time period are a matter of public record and speak for themselves in their entirety. Defendants deny each and every allegation contained in Paragraph 128 inconsistent therewith. Defendants further show that the referenced analyst reports speak for themselves as to their substantive content. Defendants otherwise deny the allegations contained in Paragraph 128 of the Amended Complaint and the accompanying footnote.

129.

Defendants state that they do not know of any conversations that Plaintiffs or their counsel may have had with former FindWhat employees. Defendants, therefore, are without sufficient knowledge or information to form a belief as to the truth of the allegations on

statements supposedly made by such individuals and these allegations are, therefore, denied. Defendants further show that the referenced analyst report and article speak for themselves in their entirety, and otherwise deny the allegations contained in Paragraph 129 of the Amended Complaint.

130.

Defendants admit that FindWhat acquired MIVA, Comet, and Espotting on the referenced dates.  Further, Defendants show that the terms and conditions of these acquisitions are set forth in the Company's public filings, which speak for themselves in their entirety, and Defendants deny each and every allegation contained in Paragraph 130 inconsistent therewith.  Defendants otherwise deny the allegations contained in Paragraph 130 of the Amended Complaint.

131.

To the extent that the allegations contained in Paragraph 131 call for a legal conclusion, no response is required, and these allegations are, therefore, denied.  Defendants otherwise deny the allegations contained in Paragraph 131 of the Amended Complaint.

132.

Defendants deny the allegations contained in Paragraph 132 of the Amended Complaint.

133.

Defendants deny the allegations contained in Paragraph 133 of the Amended Complaint.

134.

Defendants incorporate herein each and every prior Answer to the allegations contained in Paragraphs 1 through and including 133 of the Amended Complaint, as if fully set forth herein.

135.

Defendants deny the allegations contained in Paragraph 135 of the Amended Complaint.

136.

Defendants deny the allegations contained in Paragraph 136 of the Amended Complaint.

137.

Defendants show that the referenced provisions of Regulation S-X, 17 C.F.R. § 210.01 et seq. and Regulation S-K, 17 C.F.R. § 229.1010 et seq., speak for themselves in their entirety, and otherwise deny the allegations contained in Paragraph 137 of the Amended Complaint.

138.

Defendants admit that, from time to time, they have used the mails and the instrumentalities of interstate commerce, and otherwise deny the allegations contained in Paragraph 138 of the Amended Complaint.

139.

Defendants deny the allegations contained in Paragraph 139 of the Amended Complaint.

- 41 -

140.

Defendants deny the allegations contained in Paragraph 140 of the Amended Complaint.

141.

Defendants deny the allegations contained in Paragraph 141 of the Amended Complaint.

142.

Defendants deny the allegations contained in Paragraph 142 of the Amended Complaint.

143.

Defendants incorporate herein each and every prior Answer to the allegations contained in Paragraphs 1 through and including 142 of the Amended Complaint, as if fully set forth herein.

144.

To the extent that the allegations contained in Paragraph 144 call for a legal conclusion, no response is required and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 144 of the Amended Complaint.

145.

To the extent that the allegations contained in Paragraph 145 call for a legal conclusion, no response is required and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 145 of the Amended Complaint.

146.

To the extent that the allegations contained in Paragraph 146 call for a legal conclusion, no response is required and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 146 of the Amended Complaint.

147.

Defendants deny the allegations contained in Paragraph 147 of the Amended Complaint.

148.

Defendants admit that the Amended Complaint attempts to state claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Defendants otherwise deny the allegations contained in Paragraph 148 of the Amended Complaint.

149.

Defendants admit that the Amended Complaint purports to be based on the jurisdictional provisions of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, and on 28 U.S.C. § 1331, and otherwise deny the allegations contained in Paragraph 149 of the Amended Complaint.

150.

Defendants admit that the Amended Complaint purports to rely on 28 U.S.C. § 1391(b) and that the corporate headquarters of FindWhat is located in this District at the referenced address. Defendants otherwise deny the allegations contained in Paragraph 150 of the Amended Complaint.

151.

Defendants admit that, from time to time, they have used the mails and the instrumentalities of interstate commerce, and otherwise deny the allegations contained in Paragraph 151 of the Amended Complaint.

152.

Defendants admit that the Amended Complaint purports to allege a class action as described, but deny that this action is suitable for certification as a class action.  Further, Defendants state that the proposed class period set forth in the Amended Complaint is inconsistent with the Court's March 15, 2007 Order, dismissing all of the alleged misstatements with the exception of those purportedly made in February and March 2005. Pursuant to the Court's Order of April 25, 2007, Plaintiffs should have reduced the length of their proposed class period to bring it into conformance with the March 15 Order. Defendants otherwise deny the allegations contained in Paragraph 152 of the Amended Complaint.

153.

Defendants admit that, during the proposed class period, FindWhat's stock traded on the NASDAQ market under the symbol "FWHT" and that, as of July 29, 2005, there were 30,777,611 shares of FindWhat common stock outstanding, as disclosed in the Company's public filings.  Defendants otherwise deny the allegations contained in Paragraph 153 of the Amended Complaint and the accompanying footnote.

154.

To the extent that the allegations contained in Paragraph 154 call for a legal conclusion, no response is required and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 154 of the Amended Complaint.

155.

Defendants admit that Plaintiff has retained counsel competent in class and securities litigation, and otherwise deny the allegations contained in Paragraph 155 of the Amended Complaint.

156.

To the extent that the allegations contained in Paragraph 156 call for a legal conclusion, no response is required and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 156 of the Amended Complaint.

157.

To the extent that the allegations contained in Paragraph 157 call for a legal conclusion, no response is required and these allegations are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 157 of the Amended Complaint.

158.

Defendants deny the allegations contained in Paragraph 158 of the Amended Complaint.

159.

Defendants deny the allegations contained in Paragraph 159 of the Amended Complaint.

LEGAL02/30314211v6

160.

Defendants deny the allegations contained in Paragraph 160 of the Amended Complaint.

161.

Defendants deny the allegations contained in Paragraph 161 of the Amended Complaint.

162.

Defendants deny the allegations contained in Paragraph 162 of the Amended Complaint. Defendants also deny the allegations contained in the prayer for relief which follows, and further deny that Plaintiffs are entitled to a jury trial or any trial at all.

### THIRD DEFENSE

Defendants deny each and every allegation contained in the Amended Complaint that is not expressly admitted herein.

### FOURTH DEFENSE

The claims of some or all of the putative class are barred by the applicable statute of limitations.

### FIFTH DEFENSE

The claims of some or all of the putative class are barred by the doctrines of estoppel, laches, waiver, acquiescence, and/or ratification.

### SIXTH DEFENSE

The claims of some or all of the putative class are barred based on the doctrine of assumption of the risk.

## SEVENTH DEFENSE

Plaintiffs lack standing to prosecute this action.

## EIGHTH DEFENSE

This action, in part or in whole, is not maintainable as a class action under Fed. R. Civ. P. 23.

## NINTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because they cannot meet the burden of proving that there was an "efficient market" with respect to FindWhat stock.

## TENTH DEFENSE

The Amended Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of FindWhat stock.

## ELEVENTH DEFENSE

The Amended Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles for any class members who did not trade shares between the time the alleged misstatements were made and the time the purported "truth" was revealed.

## TWELFTH DEFENSE

To the extent Defendants failed to disclose material information, which Defendants deny, the "truth-on-the-market" doctrine precludes Plaintiffs' claims.

## THIRTEENTH DEFENSE

Defendants did not know, and in the exercise of reasonable care could not have

known, of any untruth or omission alleged by Plaintiffs.

## FOURTEENTH DEFENSE

To the extent Defendants were in possession of any of the information Plaintiffs claim they failed to disclose, which Defendants contend they were not, Defendants did not assimilate and comprehend the significance of that information.

## FIFTEENTH DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act: "(1) a misstatement or omission, (2) of a material fact, (3) made with scienter, (4) on which plaintiff relied, (5) that proximately caused his injury." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1281 (11th Cir. 1999).

## SIXTEENTH DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 20(a) of the Exchange Act: "(1) a primary violation under . . . Section 10(b), and (2) that the averred controlling person controlled *both*: (a) the general affairs of the primary violator and (b) the specific corporate policy that resulted in the primary violation." Brown v. Enstar Group, Inc., 84 F.3d 393, 396 (11th Cir. 1996).

## SEVENTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the Defendants' actions or alleged omissions were not the direct or proximate cause of Plaintiffs' averred damages, and the requisite "loss causation" is lacking. See 15 U.S.C. § 78u-4(b)(4).

- 48 -

## EIGHTEENTH DEFENSE

Defendants at all times acted in good faith and did not directly or indirectly control or induce any wrongful acts or omissions and did no unlawful act or thing directly or indirectly through or by means of any other person.

## NINETEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are not actionable because Defendants acted within their reasonable business judgment.

## TWENTIETH DEFENSE

Any recovery by Plaintiffs against Defendants would constitute unjust enrichment.

## TWENTY-FIRST DEFENSE

Plaintiffs' purported claims and those of the putative class are barred in that they have failed to plead their claims, or any strong inference of scienter or actual knowledge, with particularity, as required by the Private Securities Litigation Reform Act (the "Reform Act"), Fed. R. Civ. P. 9(b), or otherwise.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because the damages allegedly suffered are the proximate result of affirmative and/or independent actions of one or more third persons or parties over whom Defendants had no control and for whom Defendants are not and cannot be liable.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are inactionable under the <u>Santa Fe</u> doctrine.

## TWENTH-FOURTH DEFENSE

Plaintiffs' claims are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the Reform Act because the Defendants' statements were forward-looking and (i) were identified as forward-looking statements and accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements; or (ii) were immaterial; or (iii) Plaintiffs will be unable to prove the statements were made with actual knowledge that they were false or misleading or made with the approval of an executive officer with actual knowledge that they were false or misleading. 15 U.S.C. § 78u-5(c).

## TWENTY-FIFTH DEFENSE

The claims of some or all of the putative class are barred due to their failure to mitigate their damages as required by law and/or to the extent any alleged damages are not attributable to the alleged violations of law.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred because Defendants had no duty of disclosure with respect to the alleged misrepresentations or omissions.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims and those of the purported class are barred based on the truth and sufficiency of all statements upon which their alleged claims are based.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims and those of the purported class are barred as and to the extent that

LEGAL02/30314211v6

they are founded on an aiding and abetting theory.

## TWENTY-NINTH DEFENSE

Plaintiffs' purported claims and those of the putative class for control person liability are barred because Defendants "acted in good faith and did not directly or indirectly induce" any acts constituting a violation of the securities laws.  15 U.S.C. § 78t(a).

## THIRTIETH DEFENSE

Plaintiffs' claims are barred to the extent that they are based on statements that are not attributable to Defendants.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred due to the failure of the Amended Complaint to allege facts leading to an inference of scienter with regard to each Defendant as to each alleged misstatement.  Phillips v. Scientific-Atlanta, Inc., 374 F.3d 1015, 1017-18 (11th Cir. 2004).

## THIRTY-SECOND DEFENSE

Plaintiffs' claims based upon stock sales by certain Defendants are barred, in whole or in part, because such trading occurred pursuant to pre-established trading programs under SEC Rule 10b5-1.  17 C.F.R. 240.10b5-1(c)(A).

WHEREFORE, Defendants respectfully request that the Court dismiss the Amended Complaint against them, that they recover all costs and fees expended, including attorneys' fees and other expenses, and that they be afforded such other and further relief as this Court deems just and proper.

Respectfully submitted, this 9th day of May, 2007.

s/ Joseph G. Foster
Gregory N. Woods

- 51 -

Florida Bar No. 0175500
Joseph G. Foster
Florida Bar No. 0301980

PORTER WRIGHT MORRIS
    & ARTHUR LLP
5801 Pelican Bay Blvd.
Suite 300
Naples, FL  34108-2709
Tel:  (239) 593-2900
Fax:  (239) 593-2990

Todd R. David
Georgia Bar No. 206526
Susan E. Hurd
Georgia Bar No. 379628

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Tel:  (404) 881-7000
Fax:  (404) 881-7777

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| **IN RE MIVA, INC.** | ) | **CIVIL ACTION FILE** |
| **SECURITIES LITIGATION** | ) | **NO. 2:05-cv-00201-FtM-29DNF** |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2007, I electronically filed the foregoing

**DEFENDANTS' ANSWER TO PLAINTIFFS' CONFORMING AMENDED**

**CONSOLIDATED CLASS ACTION COMPLAINT** with the Clerk of Court using the

CM/ECF system, which will send a notice of electronic filing to all required users.


      __s/ Joseph G. Foster_____
      Joseph G. Foster
      Florida Bar No. 0301980