UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:

MIVA, INC., Securities Litigation

                                                    Case No.   2:05-cv-201-FtM-29DNF

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion for Amendment to the March 15, 2007 Order to Include Certification for Interlocutory Appeal or In the Alternative, for Reconsideration (Doc. #96), filed on March 29, 2007.  Plaintiff filed its Memorandum in Opposition (Doc. # 102) on April 16, 2007, and defendants filed a Notice of Supplemental Authority (Doc. #111) on July 2, 2007.  Also before the Court is Defendants' Motion for Leave to File Reply Brief And Request for Oral Argument (Doc. #106) filed on April 25, 2007.

**I.**

The Court may certify an order for interlocutory appeal if the Court is "of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . ."  28 U.S.C. § 1292(b).  Defendant seeks certification for an interlocutory appeal concerning whether the "group pleading doctrine" survives the Private Securities Litigation Reform Act,

and if so the scope of the doctrine. Both the Supreme Court and the Eleventh Circuit have declined to decide the issue, <u>Tellars v. Makor Issues & Rights, Ltd.</u>, 127 S. Ct. 2499, 2511 n.6 (2007); <u>Phillips v. Scientific-Atlanta, Inc.</u>, 374 F.3d 1015, 1018-19 (11th Cir. 2004), and the circuits have split. While there is an undecided issue of law, the Court concludes that this case does not satisfy the certification standards.

On March 15, 2007, the Court entered an Opinion and Order (Doc. #91) dismissing nine of the eleven alleged misrepresentations/omissions that formed the basis of the securities claims in the Amended Complaint. The Court assumed without deciding that the group pleading doctrine applied as to some of the alleged misrepresentations/omissions, but dismissed the claims on other reasons. Some of the alleged misrepresentations/omissions involved all three individual defendants as participants, and the Court dismissed the claims for reasons unrelated to the group pleading doctrine. Since defendants prevailed on their motion as to these misrepresentations/omissions, there is no justification for an interlocutory appeal as to these claims. As to the two misrepresentations/omissions on which defendants did not prevail, one involved all three individual defendants and thus the group pleading doctrine was not applicable. (Doc. #91, pp. 28-32.) An interlocutory appeal would therefore not be warranted as to this misrepresentation/omission. The second misrepresentation/omission which the Court found to be sufficiently

pled specifically named two of the three individual defendants, but did not name defendant Thune as a participant.  While the Court did not specifically discuss the group pleading doctrine as to this allegation (Doc. #91, pp. 27-28), this was the only basis on which Thune could remain a defendant as to this misrepresentation/omission. While this is undoubtedly important to Mr. Thune, resolution of the group pleading doctrine as to this misrepresentation/omission will not materially advance the ultimate termination of the litigation.  The case will proceed as to these allegations as to the other defendants regardless of whether Thune remains a defendant.  The Court declines to certify the issues requested by defendants.

**II.**

In the alternative, defendants ask this Court to reconsider its Order with regard to whether the two remaining misrepresentations/omissions of the Amended Complaint were pled with the requisite factual particularity and whether scienter was adequately pled.  The Court finds no reason to reconsider its findings regarding the factual particularity of the misrepresentations / omissions. However, the intervening decision of Tellars v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499 (2007) requires the Court to reconsider the issue of scienter under the principles articulated in Tellars.  In this regard, the Court finds that supplemental memoranda would be helpful to the Court.

Accordingly, it is now

**ORDERED:**

1.   Defendants' Motion for Amendment to the March 15, 2007 Order to Include Certification for Interlocutory Appeal(Doc. #96) is **DENIED**.

2.   Defendants' Motion For Reconsideration (Doc. #96) is **DENIED** as to the issue of factual particularity and is **GRANTED** as to the issue of whether scienter is adequately pled.  Each party may submit a supplemental memorandum as to this issue not to exceed ten (10) pages within **TEN (10) DAYS** of this Opinion and Order.

3.   Defendants' Motion for Leave to File Reply Brief And Request for Oral Argument (Doc. #106) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this   17th   day of July, 2007.

                                                                JOHN E. STEELE
                                                                United States District Judge

Copies:
Counsel of record