UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| IN RE MIVA, INC.<br>SECURITIES LITIGATION | ) <br> ) CIVIL ACTION FILE <br> ) NO. 2:05-cv-00201-FtM-29DNF <br> ) |

**DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM
TO STRIKE DECLARATION OF SCOTT D. HAKALA
REGARDING THE OPINIONS OF DR. LAURA E. SIMMONS**

Defendants move to strike the Declaration of Scott D. Hakala ("Hakala") Regarding the Opinions of Dr. Laura E. Simmons ("Hakala Declaration" or "Hakala Decl."), filed on March 2, 2009. The Hakala Declaration is plainly untimely. More inappropriate still is the fact that this belated Declaration seeks to rehabilitate Hakala's infirm opinions by reference to the opinions of another so-called expert who was never identified by Plaintiffs much less deposed. The Hakala Declaration should, therefore, be stricken for the reasons set forth below:

1. The schedule established by the Court in the Case Management and Scheduling Order did not authorize the filing of supplemental or rebuttal expert reports. *See* Docket No. 105, Case Management and Scheduling Order, at 1 (Apr. 25, 2007). In fact, the parties' prior submission to the Court on scheduling matters (the "Case Management Report") specifically contemplated that, if either party wished to submit such a rebuttal or supplemental report, the other side would have the opportunity to object and the existing schedule for expert discovery would likely need to be revisited with the Court to accommodate that request, if allowed. *See* Docket No. 100, Case Management Report, at 4-6 (Apr. 11, 2007).

- 2 -

2.      Pursuant to the Case Management and Scheduling Order, Plaintiffs' expert reports were due in November 2008, and Defendants' expert reports were due in December 2008.  *See* Case Management and Scheduling Order at 1.  The expert discovery period closed on February 5, 2009, and both experts have now been deposed.[1]

3.      Plaintiffs have had a copy of Dr. Simmons' expert report since December 2008 -- three months prior to the filing of the Hakala Declaration on March 2, 2009 -- and could have, at any point in time, sought leave of Court to submit a rebuttal report.  Instead, they waited until after the close of the established time period for expert disclosures and related discovery and after both experts had been deposed before tendering this belated submission, portraying it as a "response" to opinions that have been well known for several months.  Further, in contravention of the contemplated procedures outlined in the Case Management Report, Plaintiffs never conferred with Defendants nor gave Defendants the opportunity to object to the filing of the Hakala Declaration or to seek an adjustment of the schedule in light of this further submission.  The timing of Plaintiffs' submission, therefore, deprived Defendants of the opportunity to have Dr. Simmons comment on the Hakala Declaration and/or to question Hakala about his Declaration at his deposition.

4.      Further, Hakala's Declaration should also be stricken because he has attached as exhibits certain declarations submitted by another putative expert (M. Laurentius Marais) in other cases in which Hakala has been involved and his opinions were similarly challenged.  (*See* Hakala Decl. Exs. C-E.)  These declarations on which Hakala purports to rely are not properly before the Court.  If Plaintiffs had wished to rely

---

[1]      Due to scheduling issues, the parties ultimately agreed to hold the deposition of Plaintiffs' expert on February 18, 2009 and the deposition of Defendants' expert on February 20, 2009.

- 2 -

- 3 -

on any testimony offered by Mr. Marais, they should have identified him as an expert for Plaintiffs within the time period allotted for such designations. This belated attempt to bolster Hakala's prior testimony through filings from other cases is inappropriate and, indeed, was unsuccessful even in the very cases in which these declarations were submitted. For example, in *In re Omnicom Group, Inc. Securities Litigation*, Hakala's opinions were ultimately rejected by the court because "[his] event study at best incorrectly identified several corrective disclosures [for loss causation purposes] and at worst fails to identify any at all." 541 F. Supp. 2d 546, 554 (S.D.N.Y. 2008). Because Hakala's opinions failed to demonstrate loss causation, the *Omnicom* Court granted summary judgment in favor of the defendants. *Id.* Should this Court decide to allow the Hakala Declaration, Defendants respectfully request that (1) Plaintiffs be ordered to produce both Mr. Marais and Hakala for deposition and (2) Defendants be allowed a further written submission in response to the Hakala Declaration to be served after such depositions take place.

     5. Pursuant to Local Rule 3.01(g), counsel for Defendants conferred with Plaintiffs' counsel and asked whether they would consent to the relief sought by this Motion. Defendants were informed that Plaintiffs oppose this Motion.

WHEREFORE, Defendants respectfully request that the Court strike the Hakala Declaration and all exhibits thereto as improper, untimely, and prejudicial.

Respectfully submitted, this 19th day of March, 2009.

- 4 -

  s/ Joseph G. Foster
Joseph G. Foster
Florida Bar No. 0301980

PORTER WRIGHT MORRIS & ARTHUR LLP
5801 Pelican Bay Blvd.
Suite 300
Naples, FL  34108-2709
Tel:  (239) 593-2900
Fax:  (239) 593-2990

-and-

Todd R. David
Georgia Bar No. 206526
Susan E. Hurd
Georgia Bar No. 379628

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Tel:  (404) 881-7000
Fax:  (404) 881-7777

*Counsel for Defendants*

- 5 -

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

| | |
|---|---|
| **IN RE MIVA, INC.** <br> **SECURITIES LITIGATION** | ) <br> )    **CIVIL ACTION FILE** <br> )    **NO. 2:05-cv-00201-FtM-29DNF** <br> ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing **DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM TO STRIKE DECLARATION OF SCOTT D. HAKALA REGARDING THE OPINIONS OF DR. LAURA E. SIMMONS** with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

This 19th day of March, 2009.

                                               _s/ Joseph G. Foster_____
                                               Joseph G. Foster
                                               Florida Bar No. 0301980