UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| IN RE MIVA, INC._____<br>SECURITIES LITIGATION<br>_____ | ) <br> )    CIVIL ACTION FILE <br> )    NO. 2:05-cv-00201-FtM-29DNF <br> ) |

**DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM
TO STRIKE THE DECLARATION OF SCOTT D. HAKALA REGARDING
DEFENDANTS' DISPOSITIVE MOTION FOR SUMMARY JUDGMENT**

Defendants move to strike the Declaration of Scott D. Hakala ("Hakala") Regarding Defendants' Dispositive Motion for Summary Judgment (the "Second Declaration" or "2d Decl."), filed on March 19, 2009. Once again, without seeking leave of Court, Plaintiffs have submitted a declaration that is plainly untimely under the Court's Case Management and Scheduling Order. Moreover, the Second Declaration constitutes a half-hearted attempt by Plaintiffs to sidestep Hakala's clear and unambiguous deposition testimony on which Defendants' Motions are based. For these and other reasons set forth below, the Second Declaration should be stricken.

    1.      The Court's Case Management and Scheduling Order does not authorize the filing of any supplemental or rebuttal submissions by the designated experts. *See* Docket No. 105, Case Management and Scheduling Order, at 1 (Apr. 25, 2007). The parties' prior Case Management Report to the Court also specifically contemplated that the parties would confer in advance if one side wished to file further expert submissions, the opposing party would have the opportunity to object to such submissions, and the schedule for expert discovery and briefs would likely need to be adjusted if further

submissions were allowed by the Court.  *See* Docket No. 100, Case Management Report, at 4-6 (Apr. 11, 2007).

2. The time period for expert discovery in this case closed on February 5, 2009, and the parties' experts were deposed over a month ago.  Plaintiffs, once again, did not seek leave of Court for permission to file the Second Declaration; nor did they confer with Defendants in advance of its filing.  (*See* Defendants' Motion and Supporting Memorandum to Strike Declaration of Scott D. Hakala Regarding the Opinions of Dr. Laura E. Simmons, filed on March 19, 2009, at ¶ 3.)

3. The Second Declaration purports to address Hakala's sworn deposition testimony cited verbatim by Defendants on his inflation per share calculation and the source of the alleged inflation that he contends existed in MIVA's stock price both before and during the class period.  (*See* 2d Decl. ¶¶ 2-3.)  We do not read the belated Second Declaration as actually retracting anything Hakala admitted in his deposition.  But, such a retraction is apparently intended by Plaintiffs.  To the extent that this is Plaintiffs' intent, it is the law of this Circuit that a witness cannot give "clear answers to unambiguous questions" in a deposition and thereafter attempt to raise an issue of material fact in a contradictory affidavit or declaration that fails to offer a valid explanation for the contradiction.  *See, e.g.*, *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).  When this occurs, the court may disregard this later submission as a "sham."  *See id.* at 659; *see also Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975) (affirming grant of summary judgment where the party alleging fraud did not create a genuine issue of material fact through affidavit which conflicted with his deposition testimony); *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d

Cir. 1969) (affirming summary judgment notwithstanding the fact that president of plaintiff corporation filed affidavit which contradicted his prior deposition testimony).

In his Second Declaration, Hakala argues that his "loss causation and damages analysis . . . was specifically limited to and reflective of this Court's rulings as to the potentially actionable statements." (2d Decl. at ¶ 2.) He further states that he "specifically limited the damages in this case to shares purchased during the [class period] of February 23, 2005 to May 4, 2005." (*Id.*) That statement does not answer the question of whether those shares were "inflated" by the statements at issue in the case. So it appears that Hakala is trying to avoid the fatal problems his prior testimony created. At multiple points during his prior deposition, Hakala clearly and unambiguously testified that (i) the full amount of the alleged inflation in MIVA's stock price -- 26.44% -- existed well before the start of the class period, (ii) statements deemed non-actionable by the Court that pre-date the class period were responsible for inflating the stock price by 26.44%, and (iii) the same amount of alleged inflation -- again 26.44% -- existed on the first day of the class period and continued unchanged throughout the class period. (*See, e.g.,* Deposition of Scott D. Hakala, taken on February 18, 2009 ("Hakala Dep.") at 19:5-18; 19:23-20:10; 21:13-20.)  Again, when Hakala says that his calculations include only shares purchased during the class period, this statement does not mean that those shares were inflated by statements made on February 23 and March 16, 2005 that the Court allowed to withstand Motions to Dismiss. And if Hakala is trying to recant his prior deposition testimony, then the Court should reject that attempt. Where the conclusions offered in an affidavit or declaration are flatly contradicted by earlier deposition testimony, the later statements lack sufficient reliability and should, therefore,

be disregarded as a matter of law. *See Perma Research*, 410 F.2d at 577; *see also Junkins,* 736 F.2d at 657-59; *Radobenko*, 520 F.2d at 544.

    4.    The Second Declaration also purports to respond to several court decisions involving Hakala cited in Defendants' Motion to Exclude. (*See* 2d Decl. ¶¶ 4-5.) Hakala takes exception to Defendants' characterization of these cases, argues that these decisions should not control the outcome here, and attempts to refer the Court to other cases that he contends should be followed instead. Hakala is a putative expert on economics, not a lawyer, and it is inappropriate for him to offer "expert" opinions on how case law should be interpreted and applied. *See, e.g., United States v. Long*, 300 F. App'x 804, 814 (11th Cir. 2008) (holding that "an expert witness may not testify as to his opinion regarding ultimate legal conclusions"); *see also McCrink v. Peoples Benefit Life Ins. Co.*, No. 2:04-CV-01068, 2005 WL 730688, at *4 (E.D. Pa. Mar. 29, 2005) (rejecting expert testimony where it was not "based upon reliable scientific methodology, but, instead, upon [the expert's] subjective interpretation of . . . case law"). The Eleventh Circuit has expressly cautioned that "courts must remain vigilant against the admission of legal conclusions." *Long*, 300 F. App'x at 814 (internal citations omitted). Yet this is precisely what Hakala has attempted to do here. (*See* 2d Decl. at ¶¶ 4-5.) The Second Declaration should also be stricken for this reason.

    5.    Should the Court decide to allow the Second Declaration, Defendants respectfully request that (i) Plaintiffs be ordered to produce Hakala for deposition so that Defendants may be given the opportunity to examine Hakala regarding this latest submission, (ii) Defendants be allowed a further written submission in response to the Second Declaration to be served after such deposition takes place, and/or (iii) the Court

consider Defendants' response to the arguments raised in the Second Declaration found in their proposed Reply Brief attached as Exhibit A to Defendants' Motion for Leave to File Reply in Support of Defendants' Dispositive Motion for Summary Judgment and Motion to Exclude Hakala's Testimony.

6. Pursuant to Local Rule 3.01(g), counsel for Defendants conferred with Plaintiffs' counsel and asked whether they would consent to the relief sought by this Motion. Defendants were informed that Plaintiffs oppose this Motion.

WHEREFORE, Defendants respectfully request that the Court strike the Second Declaration and all exhibits thereto as improper, untimely, and prejudicial.

Respectfully submitted, this 30th day of March, 2009.

        _s/ Joseph G. Foster_____
Joseph G. Foster
Florida Bar No. 0301980

PORTER WRIGHT MORRIS & ARTHUR LLP
5801 Pelican Bay Blvd.
Suite 300
Naples, FL 34108-2709
Tel: (239) 593-2900
Fax: (239) 593-2990

      -and-

Todd R. David
Georgia Bar No. 206526
Susan E. Hurd
Georgia Bar No. 379628
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
*Counsel for Defendants*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| IN RE MIVA, INC.<br>SECURITIES LITIGATION | )<br>)  CIVIL ACTION FILE<br>)  NO. 2:05-cv-00201-FtM-29DNF<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing **DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM TO STRIKE THE DECLARATION OF SCOTT D. HAKALA REGARDING DEFENDANTS' DISPOSITIVE MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

This 30th day of March, 2009.

                                                   _s/ Joseph G. Foster_
                                                 Joseph G. Foster
                                                 Florida Bar No. 0301980