UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

|  |  |  |
|---|---|---|
| IN RE MIVA, INC. | ) | Civil Action File |
| SECURITIES LITIGATION | ) | No. 2:05-cv-00201-FtM-29DNF |
|  | ) |  |

# LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE DECLARATION OF SCOTT D. HAKALA REGARDING THE OPINIONS OF DR. LAURA E. SIMMONS

Lead Plaintiffs and certified class representatives Y.P. and Sampurna Jain ("Plaintiffs") respectfully submit this Opposition to Defendants' Motion to Strike Declaration of Scott D. Hakala Regarding the Opinions of Dr. Laura E. Simmons. For the reasons stated below, Defendants' motion has absolutely no foundation in law or fact, and should be denied in its entirety by the Court.

## INTRODUCTION

On March 2, 2009, Plaintiffs filed their Motion *in limine* to Exclude the Testimony and Expert Report of Dr. Laura E. Simmons. *See* Docket No. 158. To accompany their motion, Plaintiffs also filed the Declaration of Scott D. Hakala, Ph.D., CFA Regarding the Opinions of Dr. Laura E. Simmons.[1] *See* Docket No. 159.

Recognizing that Dr. Hakala's Declaration is highly damaging to their own experts' report, on March 19, 2009, Defendants filed a motion asking the Court to strike Dr. Hakala's Declaration.[2] *See* Docket No. 169. As shown below, Defendants provide no legal basis for the Court to strike Dr. Hakala's Declaration. Furthermore, Defendants fail to provide the Court with a single statement showing that Dr. Hakala's Declaration contains new or supplemental expert

---

[1] Cited hereinafter as "Hakala Dec. at __."
[2] Cited hereinafter as "Def. Mot. __."

opinions. In fact, Defendants' desperate motion is entirely conclusory. It is based on nothing more than Defendants asking the Court to close its eyes to the record before it, and instead taking what Defendants say at face value. For the reasons explained below, the Court should deny Defendants' motion in its entirety.

**ARGUMENT**

**I.    DR. HAKALA'S DECLARATION IS NOT A SUPPLEMENTAL OR REBUTTAL REPORT**

Defendants would have the Court believe that Dr. Hakala's Declaration is a supplemental or rebuttal expert report. Def. Mot. 1-2. This misguided argument is completely and wholly conclusory. Dr. Hakala's Declaration is nothing more than a summary and restatement of certain portions of his Expert Report, prepared to highlight the reasons why Dr. Simmons' criticisms are unscientific, and have no economic basis or logical support.[3] Indeed, Defendants do not point to a single statement or opinion in the Declaration which they believe makes it a supplemental or rebuttal report. They cannot.

Furthermore, it is telling that Defendants never actually describe the Declaration itself as "supplemental" or "rebuttal." Instead, they cite to the Case Management Report and the Case Management and Scheduling Order, which set forth procedures for submitting supplemental and rebuttal reports. Def. Mot. 1-2. From these citations, Defendants ask the Court to leap to the conclusion that the Declaration is a supplemental or rebuttal report, without providing any explanation. As discussed above, Defendants have provided no factual basis to show that the Declaration is supplemental or rebuttal. Neither do Defendants provide any case law to support their proposition.

---

[3] Dr. Hakala submitted his Expert Report on November 3, 2008.

2

Because Defendants' argument is entirely conclusory and does not state the reasons why Dr. Hakala's Declaration is a supplemental or rebuttal report, it should be rejected by the Court.

## II.     DR. HAKALA'S DECLARATION IS NOT UNTIMELY

Defendants next take issue with the timing of Dr. Hakala's Declaration, believing it to be untimely since it was filed after the deadline for expert disclosures. Def. Mot. 2. In what has become a common theme throughout Defendants' baseless and misguided attacks on Dr. Hakala, Defendants have completely and intentionally ignored what Dr. Hakala has actually said, instead basing their motion on what they wished he had said.

Dr. Hakala's Declaration was prepared as a response to Dr. Simmons deposition testimony. Hakala Dec. at ¶2 n.1. As a result, it logically could not be filed until after Dr. Simmons was deposed. Defendants' implication that Plaintiffs could have filed the Declaration prior to Dr. Simmons' deposition is absurd. Indeed, in other cases in which Dr. Hakala has served as an expert witness, he has submitted declarations in support of oppositions to exclude his testimony on *Daubert* grounds. These declarations have not been stricken by the courts. *See In re JDS Uniphase Corp. Sec. Litig.*, Master File No. C 02-1486 CW (EDL) (N.D. Cal.); *In re Clarent Corp. Sec. Litig.*, Master File No. C-0103361CRB(JCS) (N.D. Cal.). Similarly, the Court should not strike Dr. Hakala's Declaration in this case.

Furthermore, the Court has permitted the filing of additional affidavits under Section II(H) of the Court's Case Management and Scheduling Order.[4] CMSO 5. Although the Court's Order refers to motions for summary judgment, that issue is tightly intertwined with the Declaration that Defendants are challenging. As Plaintiffs explain in their Opposition to Defendants' motion for summary judgment,[5] Defendants' summary judgment motion is entirely

---

[4] Docket No. 105, cited hereinafter as "CMSO __."
[5] Docket No. 172, cited hereinafter as "P. Opp. S.J. __."

3

dependent on the *Daubert* challenges they raise against Dr. Hakala. P. Opp. S.J. 1-2. Because Dr. Hakala addresses these challenges in his Declaration, the Court should not strike Dr. Hakala's Declaration.

### III. THE FACT THAT OTHER EXPERTS AGREE WITH DR. HAKALA AND SUPPORT HIS METHODOLOGY IS NOT A REASON TO STRIKE HIS DECLARATION

Finally, Defendants challenge Dr. Hakala's Declaration because he includes as exhibits certain declarations and reports of experts from other cases who support the methodology he used in this case. Def. Mot. 2-3. Specifically, Dr. Hakala attached as Exhibits C, D, and E: the Declaration of M. Laurentius Marais, filed in *In re Omnicom Group, Inc. Sec. Litig.*, No. 02-cv-4483 (RCC) (S.D.N.Y.);[6] the Expert Report of M. Laurentius Marais, filed in *In re Broadcom Corp. Sec. Litig.*, No. SACV 01-275 GLT (MLGx) (S.D. Cal.); and the Rebuttal Declaration of M. Laurentius Marais, Ph.D., filed in *In re Credit Suisse-AOL Sec. Litig.*, No. 02-12146-NG (D. Mass). Each of these exhibits reviews and discusses Dr. Hakala's methodology, which is the same methodology he uses in this case, and concludes that it is sound and produces accurate and reliable results.

Defendants believe this constitutes an improper attempt to bolster Dr. Hakala's prior testimony. *Id.* at 3. This argument is absurd. Defendants are actually asking the Court to strike Dr. Hakala's Declaration because other experts agree with his methodology. The exhibits were attached to Dr. Hakala's Declaration simply to assist the Court in determining that the methodology he used in this case is sound and accepted by other experts, and that Dr. Simmons' opinions have been rejected. *See* Hakala Dec. at ¶2 n.2. Any suggestion that Plaintiffs are relying on the testimony of Dr. Marais or that he should have been identified as a Plaintiffs'

---

[6] Defendants provide a citation to *In re Omnicom Group, Inc. Sec. Litig.* to challenge previous event studies Dr. Hakala has performed. Def. Mot. 3. As Dr. Hakala has already explained, the proposition this citation is meant to support is extremely disingenuous and misleading. Hakala Dec. at ¶5.

4

expert is Defendants' feeble attempt to deflect the Court's attention away from this fact.  Indeed, Plaintiffs do not rely on any opinions or ideas offered by Dr. Marais, and have not once been in contact with him during the pendency of this litigation.  Thus, Defendants' request that Plaintiffs be ordered to produce Dr. Marais for deposition is simply preposterous.  Furthermore, Defendants could have chosen to have Dr. Simmons file a Declaration to accompany their *Daubert* motion.  Defendants chose not to have Dr. Simmons file such a Declaration, and therefore should not be retroactively allowed to file a written submission in response to Dr. Hakala's Declaration.

## CONCLUSION

As demonstrated above, Defendants have provided the Court with no reason based in law or fact to justify their motion.  Accordingly, Plaintiffs respectfully request that the Court enter an Order denying Defendants' Motion to Strike in its entirety.

Dated: April 6, 2009                                    Respectfully submitted,

**SAXENA WHITE P.A.**

By: */s/ Christopher S. Jones*
    Maya Saxena
    Florida Bar No. 0095494
    Joseph E. White III
    Florida Bar No. 0621064
    Christopher S. Jones
    Florida Bar No. 306230
    Lester Hooker
    Florida Bar No. 0032242
    2424 North Federal Highway
    Suite 257
    Boca Raton, FL 33431
    Tel.: (561) 394-3399
    Fax: (561) 394-3382

**Lead Counsel for Lead Plaintiffs**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

|  |  |
|---|---|
| IN RE MIVA, INC. ) | Civil Action File |
| SECURITIES LITIGATION ) | No. 2:05-cv-00201-FtM-29DNF |
|  ) |  |

**CERTIFICATE OF SERVICE**

I certify that on April 6, 2009, I electronically filed the foregoing Lead Plaintiffs' Opposition to Defendants' Motion to Strike Declaration of Scott D. Hakala Regarding the Opinions of Dr. Laura E. Simmons with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

                                                      */s/ Christopher S. Jones*
                                                      Christopher S. Jones
                                                      Florida Bar No. 306230