UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

|  |  |  |
|---|---|---|
| IN RE MIVA, INC. SECURITIES LITIGATION | ) ) ) ) ) | Civil Action File No. 2:05-cv-00201-FtM-29DNF |

**LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE THE DECLARATION OF SCOTT D. HAKALA REGARDING
DEFENDANTS' DISPOSITIVE MOTION FOR SUMMARY JUDGMENT**

Lead Plaintiffs and certified class representatives Y.P. and Sampurna Jain ("Plaintiffs") respectfully submit this Opposition to Defendants' Motion to Strike the Declaration of Scott D. Hakala Regarding Defendants' Dispositive Motion for Summary Judgment. For the reasons stated below, Defendants' motion has absolutely no foundation in law or fact, and should be denied in its entirety by the Court.

**INTRODUCTION**

On March 2, 2009, Defendants filed a Motion to Exclude the Expert Opinions of Scott D. Hakala. *See* Docket No. 153. To accompany this motion, Defendants also filed their Dispositive Motion for Summary Judgment. *See* Docket No. 155.

On March 19, 2009, Plaintiffs filed their Opposition to Defendants' Dispositive Motion for Summary Judgment. *See* Docket No. 172. Plaintiffs attached to their Opposition as Exhibit A the Declaration of Scott D. Hakala, Ph.D., CFA Regarding Defendants' Dispositive Motion for Summary Judgment ("Summary Judgment Declaration").[1] Recognizing that Dr. Hakala's Summary Judgment Declaration reveals the fundamental flaws in Defendants' arguments, thereby eviscerating their motion, Defendants have moved the Court to strike the Summary

---

[1] Cited hereinafter as "Hakala S.J. Dec. at __."

Judgment Declaration.[2]  *See* Docket No. 173.  For the reasons explained below, the Court should deny Defendants' motion in its entirety.

## ARGUMENT

### I. DR. HAKALA'S SUMMARY JUDGMENT DECLARATION IS NOT A SUPPLEMENTAL OR REBUTTAL REPORT

Defendants take issue with the Summary Judgment Declaration, believing it is prohibited by the Court's April 25, 2007 Case Management and Scheduling Order.[3]  Def. Mot. 1.  Specifically, Defendants believe that the Order "does not authorize the filing of any supplemental or rebuttal submissions."  *Id.*

Defendants' argument is nothing more than a blatant attempt to mislead the Court by deliberately mischaracterizing its Order.  Defendants' proposition that the Order does not authorize the filing of supplemental or rebuttal "submissions" originates from the fact that the Order does not list a date for the disclosure of rebuttal expert "reports."  Apr. 25 Order at 1.  Dr. Hakala's Summary Judgment Declaration is clearly not a rebuttal or supplemental report.  It is nothing more than a summary and restatement of certain portions of his Expert Report, prepared to highlight the reasons why Defendants' criticisms are unscientific, and have no economic basis or academic support.[4]  *See* Hakala S.J. Dec. at ¶¶2, 3.  In fact, Defendants do not point to a single statement or opinion in the Declaration which they believe makes it a supplemental or rebuttal report.  They cannot.

It is telling that once again, Defendants never actually describe the Summary Judgment Declaration itself as "supplemental" or "rebuttal." Instead, Defendants ask the Court to leap to the conclusion that the Declaration is a supplemental or rebuttal report merely by referencing the

---

[2] Cited hereinafter as Def. Mot. __."
[3] Docket No. 105, cited hereinafter as "Apr. 25 Order at __."
[4] Dr. Hakala submitted his Expert Report on November 3, 2008.

2

Court's April 25 Order, without providing any explanation. As discussed above, Defendants have provided no factual basis to show that the Declaration is supplemental or rebuttal. Neither do Defendants provide any case law to support their proposition.

Because Defendants' argument is entirely conclusory and does not state the reasons why Dr. Hakala's Summary Judgment Declaration is a supplemental or rebuttal report, it should be rejected by the Court.

## II.  DR. HAKALA'S SUMMARY JUDGMENT DECLARATION IS NOT UNTIMELY

Defendants next take issue with the timing of Dr. Hakala's Summary Judgment Declaration, believing it to be untimely since it was filed after the deadline for expert disclosures. Def. Mot. 2.

In presenting this argument to the Court, Defendants deliberately ignore the fact that the Court has expressly permitted additional affidavits to be submitted in opposition to a motion for summary judgment. Apr. 25 Order at 5. Furthermore, the Court has allowed a party opposing summary judgment to file additional affidavits and exhibits up to twenty days from the date the motion for summary judgment is filed. *Id.* As previously stated, Plaintiffs attached Dr. Hakala's Summary Judgment Declaration as Exhibit A to their Opposition to Defendants' summary judgment motion.

Plaintiffs filed Dr. Hakala's Summary Judgment Declaration as a scientific response to Defendants' fundamental misunderstandings of his inflation per share and per share damages analysis in their summary judgment motion, and to correct Defendants' substantial and disingenuous misrepresentations of his record. Hakala S.J. Dec. at ¶1. As a result, the Summary Judgment Declaration logically could not be filed until after Defendants filed their motion for summary judgment. Defendants' belief that it is time-barred is therefore absurd. Def. Mot. 2.

3

Indeed, in other cases in which Dr. Hakala has served as an expert witness, he has submitted declarations in opposition to summary judgment which have not been stricken by the courts. *See, e.g., In re JDS Uniphase Corp. Sec. Litig.*, Master File No. C 02-1486 CW (EDL) (N.D. Cal.). Similarly, the Court should not strike Dr. Hakala's Summary Judgment Declaration in this case.

Because Defendants' argument blatantly ignores the fact that Plaintiffs are allowed to file affidavits and other exhibits in opposition to summary judgment, it should be rejected by the Court.

### III. DR. HAKALA'S SUMMARY JUDGMENT DECLARATION IS NOT A RETRACTION, AND DEFENDANTS FAIL TO SHOW OTHERWISE

Completely and deliberately misconstruing the basis of Dr. Hakala's Summary Judgment Declaration, Defendants would have the Court believe that it is meant to retract the portions of Dr. Hakala's deposition testimony regarding inflation per share calculation and the source of the inflation in order to create an issue of material fact. Def. Mot. 2-3. In keeping with their previous attacks on Dr. Hakala, Defendants have intentionally ignored what Dr. Hakala has actually said, and instead based their motion on what they wished he had said.

In fact, Defendants do not—and cannot—identify a single statement or opinion in the Summary Judgment Declaration that retracts anything Dr. Hakala has previously said. Even more incredibly, Defendants fail to point to a single statement in Dr. Hakala's deposition that was purportedly retracted. Instead, Defendants provide conclusory citations to three cases, once again asking the Court to leap to the conclusion that the Summary Judgment Declaration is a retraction without providing any explanation why the Court should leap to this conclusion.

Defendants then proceed to quote two passages from the Summary Judgment Declaration for the proposition that Dr. Hakala specifically limited the damages to shares purchased during

4

the class period. This is undeniably true, as Dr. Hakala makes clear in his Report that he did in fact limit his calculation of damages to shares purchased during the Class Period. Hakala Rep. at ¶42.

However, Defendants then proceed to claim that even though Dr. Hakala limited damages to shares purchased during the Class Period, he is still avoiding the problem from his deposition testimony that he does not answer the question of whether those shares purchased during the Class Period were inflated by the statements at issue in the case, again pointing to the 26.44% inflation present in Miva's stock price on the first day of the Class Period. Def. Mot. 3. This statement is blatantly false, and evinces either a fundamental misunderstanding of the basic issues of the case, or a deliberate attempt to mislead the Court by mischaracterizing what Dr. Hakala actually wrote. Indeed, in the very next paragraph following the one from which Defendants quote, Dr. Hakala unequivocally explains:

> However, given this Court's rulings, the partially corrective disclosures and statements on February 23, 2005 were not considered to be actionable and the inflation in MIVA's share price and true value percentage of 73.56% was not changed prior to that date in order to reflect that fact. ***That does not mean that the inflation in MIVA's share price during the Class Period was not a direct and logical consequence of the actionable statements during the Class Period. In the Hakala Report ¶5 (b) on page 4, I specifically assumed that the first actionable statements were made on February 23 and March 16, 2005 and that those statements misled investors and reinflated the share price of MIVA by misleading investors and preventing MIVA's share price from falling to its true value***. . . . Given this discussion, contrary to Defendants' assertions, the inflation per share and actual damages analysis in the Hakala Report explicitly considered and recognized this Court's rulings and found (through both careful review of the disclosures, news and analyst reports and through financial analysis) the actionable statements of the Defendants to be the primary, if not exclusive, cause of the relative and absolute losses investors suffered between May 5 and 9, 2005.

Hakala S.J. Dec. at ¶3 (emphasis added). It is therefore clear that not only is Dr. Hakala not trying to "recant" his prior Deposition testimony as Defendants would have the Court believe, but that he also address this "problem" both in his Summary Judgment Declaration and in his

5

Report. It is also apparent that Defendants chose to deliberately ignore Dr. Hakala's treatment of these issues while drafting their motion.

Because Defendants purposefully ignore entire portions of the record which are damaging to their argument and provide the Court with no reason why Dr. Hakala's Summary Judgment Declaration is a purported retraction, their argument should be rejected by the Court.

### IV. DR. HAKALA'S SUMMARY JUDGMENT DECLARATION DOES NOT OFFER OPINIONS ON HOW THE LAW SHOULD BE INTERPRETED AND APPLIED

Having already misrepresented and miscited Dr. Hakala's overall record as an expert witness, Defendants make the incredible claim that Dr. Hakala's efforts to correct Defendants' misrepresentations amount to him offering improper legal opinions. Def. Mot. 4. In keeping with their overall pattern, Defendants completely misstate what Dr. Hakala actually said, and their arguments immediately fall apart upon even a cursory reading of Dr. Hakala's Summary Judgment Declaration.

Specifically, Defendants maintain that Dr. Hakala claims prior decisions in which he was involved as an expert witness should not "control the outcome here," and that he then attempts to refer the Court to other cases that "he contends should be followed instead." *Id.* Yet, Defendants again fail to point to a single instance where Dr. Hakala purportedly advocates that a prior case in which he was involved should not control this case's outcome. Defendants fail to point to such an instance because it does not exist.

The Eleventh Circuit has recognized the difference between factual conclusions and legal conclusions in expert testimony. *United States v. Long*, 300 Fed. Appx. 804, 814-15 (11th Cir. 2008) ("Because this statement was a factual, and not a legal, conclusion, it was admissible under Rule 704."). Dr. Hakala makes particular *factual* assertions in his Summary Judgment Declaration. Specifically, he observes that "Defendants failed to note or disclose that the same

6

courts in the cases cited had relied on my testimony in reaching certain dispositive rulings, found me qualified to testify, or had rejected certain motions to exclude my testimony." Hakala S.J. Dec. at ¶4.  He then lists the reasons why Defendants have misrepresented his prior record as an expert witness to the Court.  *Id.* at ¶5.  Furthermore, Dr. Hakala merely observes that other courts have rejected the very arguments Defendants have raised here in their own motions, and that other courts have found his testimony to be "credible," "appropriate," and "helpful."  *Id.* at ¶4. Unlike Dr. Simmons in her Expert Report, at no point in the Summary Judgment Declaration does Dr. Hakala advocate that certain cases should or should not control the outcome of this case.

Because Dr. Hakala does not make impermissible legal arguments, the Court should reject Defendants' motion.

## V.    THE COURT SHOULD DENY DEFENDANTS' REQUEST FOR RELIEF

In the event that the Court denies Defendants' motion to strike, Defendants have requested that (i) Plaintiffs be ordered to produce Dr. Hakala for a second deposition; (ii) Defendants be allowed a further written submission in response to Dr. Hakala's Summary Judgment Declaration, and/or (iii) the Court should consider Defendants' Reply Brief to their Motion for Leave to file Reply.  Def. Mot. 4-5.  Defendants' request for relief indicates only that they are desperately grasping for something to use against Dr. Hakala.

Defendants have already had the opportunity to depose Dr. Hakala concerning his Expert Report.  As previously discussed, there is nothing in Dr. Hakala's Summary Judgment Declaration that does not already appear in his Expert Report.  Defendants' request to depose him concerning the Summary Judgment Declaration therefore amounts to nothing more than a naked attempt to harass Dr. Hakala.

7

Furthermore, Defendants could have chosen to have Dr. Simmons file a Declaration to accompany their summary judgment motion. Defendants chose not to have Dr. Simmons file such a declaration, and therefore should not be retroactively allowed to file a written submission in response to Dr. Hakala's Summary Judgment Declaration.

Finally, as Defendants acknowledge in their proposed Reply Brief, reply briefs are the exception rather than the rule in the Middle District of Florida. Indeed, Local Rule 3.01(c) specifically prohibits filing reply briefs. Accordingly, the Court should not consider Defendant's proposed brief.

## CONCLUSION

As demonstrated above, Defendants have provided the Court with no reason based in law or fact to justify their motion. Accordingly, Plaintiffs respectfully request that the Court enter an Order denying Defendants' Motion to Strike in its entirety.

Dated: April 15, 2009

Respectfully submitted,

**SAXENA WHITE P.A.**

By: */s/ Christopher S. Jones*
    Maya Saxena
    Florida Bar No. 0095494
    Joseph E. White III
    Florida Bar No. 0621064
    Christopher S. Jones
    Florida Bar No. 306230
    Lester Hooker
    Florida Bar No. 0032242
    2424 North Federal Highway
    Suite 257
    Boca Raton, FL 33431
    Tel.: (561) 394-3399
    Fax: (561) 394-3382

**Lead Counsel for Lead Plaintiffs**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| IN RE MIVA, INC. ) | Civil Action File |
| SECURITIES LITIGATION ) | No. 2:05-cv-00201-FtM-29DNF |
| ) | |

**CERTIFICATE OF SERVICE**

I certify that on April 15, 2009, I electronically filed the foregoing Lead Plaintiffs' Opposition to Defendants' Motion to Strike the Declaration of Scott D. Hakala Regarding Defendants' Dispositive Motion for Summary Judgment with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

      */s/ Christopher S. Jones*
      Christopher S. Jones
      Florida Bar No. 306230