**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

| | |
|---|---|
| **IN RE MIVA, INC.** )<br>)<br>**SECURITIES LITIGATION** )<br>) | **CIVIL ACTION FILE**<br>**NO. 2:05-cv-00201-FtM-29DNF** |

**ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

This matter came before the Court on Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and Incorporated Memorandum of Law in Support (Doc. #236) filed on May 14, 2014. Upon review, preliminary approved is hereby **granted** as provided below, and the pending motions and deadlines will be **terminated** as moot.

**WHEREAS**, an action is pending before this Court styled *In re MIVA, Inc. Securities Litigation.*, Civil Action No. 2:05-CV-00201-FtM-29DNF (the "Litigation");

**WHEREAS**, Plaintiffs' Counsel having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of the Litigation, in accordance with a Stipulation of Settlement dated as of May 14, 2014 (the "Stipulation"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

**WHEREAS**, all capitalized defined terms herein have the same meanings as set forth in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on **September 15, 2014, at 10:00 a.m.**, at the United States District Court for the Middle District of Florida, Ft. Myers Division, Courtroom 6A, 2110 First Street, Fort Myers, Florida 33901 to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in § IV (1.14) of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine any amount of fees and expenses that should be awarded to Lead Counsel.

3. The Court appoints the firm of The Garden City Group, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

 (a) **Not later than June 6, 2014** (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort, including Class Members listed in the records of FindWhat.com, Inc. ("FindWhat"), its successors or its transfer agent provided by Defendants within five (5) business days following the entry of this Order;

 (b) **Not later than June 6, 2014,** the Claims Administrator shall post on its website at www.mivasecuritieslitigationsettlement.com the Stipulation, Notice and Proof of Claim Form; and

   (c) **Not later than June 16, 2014**, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed as Exhibit A-3 hereto, to be published once in the national edition of Investor's Business Daily and posted by *PR Newswire*;

   (d) **Not later than August 25, 2014**, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

  4. Nominees who purchased FindWhat common stock for the benefit of another Person during the period February 23, 2005 and May 4, 2005, inclusive, shall be requested to send the Notice and Proof of Claim and Release to all such beneficial owners of FindWhat common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

  5. All fees, costs and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs or expenses.

  6. All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

  7. Class Members who wish to participate in the settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim and Release forms must be postmarked **no later than September 5, 2014**.  Any Class Member who does not timely submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any

Judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed.

8. Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

9. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked **no later than August 25, 2014**. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases of FindWhat common stock during the Class Period, including the dates, the number of shares of FindWhat common stock purchased, and price paid for each such purchase; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

10. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event **on or before September 5, 2014**.

11. Any Class Member may appear and show cause, if he, she, or it has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable, and adequate, why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees and expenses should not be awarded to counsel for the Lead Plaintiffs;

provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to counsel for Lead Plaintiffs, unless written objections and copies of any papers and briefs are received by Lester R. Hooker, Saxena White P.A., 2424 N. Federal Highway, Suite 257, Boca Raton, Florida 33431 and Susan E. Hurd, Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309, **on or before September 5, 2014**; and said objections, papers and briefs are filed with the Clerk of the United States District Court for the Middle District of Florida, **on or before September 5, 2014**.  Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

12. All funds held by the Escrow Agent(s) shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13. All papers in support of the settlement, Plan of Allocation, and any application by counsel for Lead Plaintiffs for attorneys' fees and expenses, and for Lead Plaintiffs' Representative Award, shall be filed and served **no later than August 25, 2014,** and any reply papers shall be filed and served **no later than September 8, 2014**.

14. Neither Defendants nor their Related Parties shall have any responsibility for, or liability whatsoever with respect to, notice procedures; the investment, administration, or distribution

of the Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or processing of claims; the Net Settlement Fund or any funds held by the Escrow Agent; the payment or withholding of Taxes; any losses incurred in connection therewith; any application for attorneys' fees or expenses submitted by the Lead Plaintiffs or Lead Counsel; or, any allocation of the Fee and Expense Award by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

15. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees and expenses should be approved.

16. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to § IV (2.4) or § IV (2.5) of the Stipulation.

17. Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Litigation, and as such, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

18. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement,

with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

19. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation. Pending final determination of whether the settlement should be approved, neither the Lead Plaintiffs, nor any Class Member, either directly, representatively or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

20. If: (a) the settlement is terminated by Defendants pursuant to § IV (7.4) of the Stipulation; or (b) any specified condition to the settlement set forth in the Stipulation is not satisfied and the settlement is terminated as provided in § IV (7.3) of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each Settling Party shall be restored to his, her or its respective position as it existed prior to the execution of the Stipulation.

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of May, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record