**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

| | |
|---|---|
| IN RE MIVA, INC.<br><br>SECURITIES LITIGATION | )<br>)  CIVIL ACTION FILE<br>)  NO. 2:05-cv-00201-FtM-29DNF<br>) |

**LEAD PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF PLAN OF ALLOCATION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

i

<u>**MOTION**</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, upon the (1) incorporated Memorandum of Law; (2) the Memorandum of Law in Support of the Unopposed Motion for Final Approval of Settlement and Award of Attorneys' Fees ("Final Approval Motion"); (3) attached exhibits; (4) all prior proceedings held in this action; and (5) other such matters the Court may consider, Lead Plaintiffs and Class Representatives Y.P. and Sampurna Jain, by and through their undersigned counsel, hereby respectfully moves this Court, before the Honorable John E. Steele pursuant to Federal Rule of Civil Procedure 23(e) for an Order granting final approval of the Plan of Allocation of Settlement.

<u>**MEMORANDUM OF LAW**</u>

**I.      INTRODUCTION**

As detailed in Lead Plaintiffs' Final Approval Motion filed concurrently herewith, the proposed Settlement achieved in the Litigation is an excellent result, given the substantial recovery, the presence of experienced and skilled counsel for the parties, the stage of the Litigation, the extensive settlement negotiations, the considerable risk, expense and delay if the action were to continue, and the certain and immediate benefit of the Settlement to Class Members.

As detailed in Lead Plaintiffs' Final Approval Motion, the Settlement is the result of a decade's worth of highly contested litigation, with Lead Plaintiffs passing significant hurdles by surviving Defendants' motion to dismiss, obtaining class certification, completing extensive discovery and successfully petitioning the Eleventh Circuit regarding the District Court's ruling on summary judgment.  Lead Counsel worked tirelessly to evaluate all of the documents before

accepting the Settlement, thus equipping Plaintiffs with the detailed knowledge needed to properly weigh the strengths and weaknesses of their claims. After litigating this complex and multi-faceted securities fraud class action for nine years, the Parties came to a substantial Settlement for the Class that has been overwhelmingly accepted by the Class.

As part of the settlement process, Lead Plaintiffs now request that the Court give final approval of the Plan of Allocation (the "Plan"). The Plan is equitable to all Class Members and is fair, reasonable and adequate. Therefore, Lead Plaintiffs respectfully request that the Court approve the Plan.

## II.  THE PLAN OF ALLOCATION SHOULD BE APPROVED

### A.  Structure of the Plan of Allocation

Lead Plaintiffs seek approval of the Plan of Allocation of the Settlement proceeds. The Plan was set forth in the Notice mailed to Class Members. *See* Fraga Aff. Ex. A at 3-6. Under the Plan, Class Members are required to submit a Proof of Claim form setting for all purchases and sales of Miva common stock during the Class Period. Class Members must also provide information with respect to all of the FindWhat common stock held at the beginning of trading on February 23, 2005 and at the close of trading on August 2, 2005. The Plan provides for varying calculations depending on the date(s) of purchase(s) and sale(s). After the calculation of all claimants' claims and the occurrence of certain verification procedures by the Claims Administrator, Authorized Claimants will receive a requisite portion of the Net Settlement Fund to which such Class Member is entitled under the Plan.

While a Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Class Members who submit valid Proof of Claim and Release forms, the Settlement provides a

good recovery for Class members as a whole.  The estimated average distribution per share will be approximately $0.41 excluding interest and before deduction of Court-approved fees and expenses, including the cost of notifying members of the Class and settlement administration.

> **B.     The Plan is Fair, Reasonable and Adequate and Should be Approved by the Court**

In approving a plan of allocation, "the Court must ensure that the distribution of funds is fair and reasonable." *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 462 (S.D.N.Y. 2004); *see In re Colonial BancGroup, Inc. ERISA Litig.*, 2012 WL 4856704, at *3 (M.D. Ala. Oct. 12, 2012) ("The Plan of Allocation for the Settlement Fund is approved as fair, reasonable and adequate"); *Bellocco v. Curd*, 2006 WL 4693490, at *2 (M.D. Fla. Apr. 6, 2006) (same). "When formulated by competent and experienced class counsel, an allocation plan need have only a 'reasonable, rational basis.'" *Global Crossing,* 225 F.R.D. at 462 (*quoting In re Am. Bank Note Holographics, Inc. Sec. Litig.*, 127 F. Supp. 2d 418, 429-30 (S.D.N.Y. 2001). "A plan of allocation that calls for the pro rata distribution of settlement proceeds on the basis of investment loss is presumptively reasonable." *In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. 124, 135 (S.D.N.Y. 2008) (*citing In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 2007 WL 313474, at **11–12 (S.D.N.Y. Feb. 1, 2007)).

Here, the proposed Plan of Allocation was drafted by Dr. Zachary Nye of the Stanford Consulting Group, who has significant experience in drafting plans of allocation, and the Plan was carefully reviewed and approved by Class Counsel.  The Plan was set forth in the Notice disseminated to Class Members.  *See* Dkt. No. 237-2 at 9.  The Plan is consistent with damages and loss causation calculations in this Litigation, and provides a reasonable, rational basis for Class Members to recover their *pro rata* damages based upon the dates on which they purchased or sold FindWhat common stock.  Accordingly, the Plan is similar in structure to numerous other

3

such plans that have been used in securities class action cases. The Plan also prohibits Class Members from receiving a windfall by limiting recovery only to those Class Members who suffered actual losses. *Id*. Therefore, the proposed Plan of Allocation is fair and reasonable, and should be approved. *See Danieli v. IBM Corp.*, 2009 WL 6583144, at *5 (S.D.N.Y. Nov. 16, 2009) (approving plan of allocation where it "is rationally related to the relative strengths and weaknesses of the respective claims asserted" and falls within the range of possible approval).

Moreover, to date, no Class Members have objected to the Plan. *See* Fraga Aff. ¶13. This fact also supports approval. *In re Veeco Instruments Inc. Sec. Litig*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation."). In light of the above, the proposed Plan of Allocation is fair, reasonable and adequate and should be approved.

### III.   CONCLUSION

For all of the foregoing reasons, Lead Plaintiffs respectfully request that the Court approve the Plan of Allocation as fair, adequate and reasonable.

Dated:  August 25, 2014                                        Respectfully submitted,

                                                      **SAXENA WHITE P.A.**

*/s/ Lester R. Hooker*
Joseph E. White III (FL Bar # 0621064)
Maya Saxena (FL Bar # 0095494)
Lester R. Hooker (FL Bar # 0032242)
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
T:  (561) 394-3399
F:  (561) 394-3382

*Lead Counsel for Lead Plaintiffs Y.P. and Sampurna Jain*

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| IN RE MIVA, INC. <br> SECURITIES LITIGATION | ) <br> ) CIVIL ACTION FILE <br> ) NO. 2:05-cv-00201-FtM-29DNF <br> ) |

**CERTIFICATE OF SERVICE**

I certify that on August 25, 2014, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

           */s/ Lester R. Hooker*
           Lester R. Hooker
           Florida Bar No. 0032242

5