UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| IN RE MIVA, INC.<br>SECURITIES LITIGATION | CIVIL ACTION FILE<br>NO. 2:05-cv-00201-FtM-29DNF |

ORDER APPROVING SETTLEMENT AND AWARD OF ATTORNEY FEES AND
REIMBURSEMENT OF EXPENSES
AND
ORDER APPROVING PLAN OF ALLOCATION
OF SETTLEMENT PROCEEDS

This matter came before the Court on Lead Plaintiffs' Unopposed Motion for Final Approval of Settlement and Award of Attorneys' Fees and Reimbursement of Expenses (Doc. #243) and Lead Plaintiffs' Notice of Motion and Motion For Final Approval of Plan of Allocation (Doc. #244), both filed on August 25, 2014. Lead Plaintiff's Reply Memorandum (Doc. #245) was filed on September 8, 2014. The Court conducted a fairness hearing and heard oral arguments on the motions on September 15, 2014.

The Court has considered all papers filed and proceedings held herein, and has been fully informed in the premises, and good cause having been shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Except as otherwise defined herein, all capitalized terms used herein, including "Effective date", shall have the same meaning as are ascribed to them in the Stipulation of Settlement (Doc. #237) dated May 14, 2014.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

1

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Litigation as a class action defined as all Persons who purchased the common stock of FindWhat.com, Inc. ("FindWhat") between February 23, 2005 and May 4, 2005, inclusive and who were allegedly damaged thereby. Excluded from the Class are Defendants, directors and officers of FindWhat and its successors, and their families and affiliates.

4. With respect to the Class, this Court finds and concludes, as it did in its class certification Opinion and Order dated March 12, 2008 (Doc. #139), that: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation of Settlement and finds that the settlement is, in all respects, fair, reasonable and adequate to the Settling Parties. The Court further finds that the settlement set forth in the Stipulation of Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the settlement embodied in

the Stipulation of Settlement is hereby finally approved in all respects. The Settling Parties are hereby directed to perform its terms.

6. No Persons have requested exclusion from the Class. The Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs, the other members of the Class, and as against the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation of Settlement.

7. Upon the Effective Date, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release.

8. Upon the Effective Date, the Lead Plaintiffs and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not) any of the Released Claims against any of the Released Persons.

9. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged the Lead Plaintiffs, Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation.

10. The distribution of the Notice of Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the

circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation of Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process and any other applicable law.

11. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all Persons who are Class Members advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all Persons who are Class Members to be heard with respect to the Plan of Allocation.

12. The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Proposed Settlement of Class Action ("Notice") sent to Class Members, provides a fair and reasonable basis upon which to allocate the Settlement Fund proceeds established by the Stipulation of Settlement among Class Members.

13. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

14. Neither the Stipulation of Settlement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation of Settlement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b)

is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Stipulation of Settlement may be filed in an action to enforce or interpret the terms of the Stipulation of Settlement, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Persons may file the Stipulation of Settlement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of the Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation of Settlement.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. The Court finds that an award of attorneys' fees to Lead Counsel in the amount of $799,200.00 is fair and reasonable. In addition, the Court grants the amount of $291,292.09 to Lead Counsel as reimbursement of reasonable litigation expenses, and the amount of $10,250.00 to Lead Plaintiffs as a Representative Award for their representation of the Class and their

reasonable costs and expenses directly relating thereto. The foregoing amounts shall be paid from the Settlement Fund in accordance with the terms of the Stipulation of Settlement. Any appeal from the portion of the Judgment that relates solely to the fees and expenses granted hereunder shall have no effect on the finality of the Judgment or the Effective Date as provided for in the Stipulation of Settlement.

18. In the event that the settlement does not become effective in accordance with the terms of the Stipulation of Settlement or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then the Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation of Settlement.

19. In the event the Stipulation of Settlement shall terminate, or be canceled, or shall not become effective for any reason, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to §§ IV(2.4) or (2.5) of the Stipulation of Settlement, or are chargeable to the Notice and Administration Fund, shall be refunded by the Escrow Agent to the entity that paid the proceeds into the Settlement Fund within five (5) business days after written notification of such event is sent by counsel for Defendants to Lead Counsel. In the event the refund is not made in a timely manner after written notification, Defendants shall be entitled to seek an award of all reasonable fees and expenses incurred by them in pursuing legal action to collect the refund.

20.  In the event the Effective Date does occur, and the award to Lead Counsel of attorneys' fees and expenses is thereafter reversed or modified on appeal, then the portion disallowed shall be refunded to the Settlement Fund. All Plaintiffs' Counsel who receive any payment of attorneys' fees or expenses shall be jointly and severally liable for repayment to the Settlement Fund within five (5) business days from receiving notice from counsel for Defendants or from a court of appropriate jurisdiction of the amount required to be refunded, in the event, for any reason, including, without limitation, appeal, further proceeding on remand or successful collateral attack, the Fee and Expense Award is reduced or reversed, and Lead Counsel shall on that date pay any amount due to be paid by any Plaintiffs' Counsel that remains unpaid.

21.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation of Settlement.

22.  The Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to enter the attached pre-prepared judgment by attaching a copy of this Order Approving Settlement and Award of Attorney Fees and Reimbursement of Expenses and Order Approving Plan of Allocation of Settlement Proceeds to the judgment. The Clerk shall further terminate all deadlines and close the case.

**IT IS SO ORDERED.**

DATED: Sept 15, 2014

THE HONORABLE JOHN E. STEELE
UNITED STATES DISTRICT JUDGE